Troy ROSEMOND, by his Guardian ad Litem, Willie Ree Smith, Plaintiff,

v.

EMPLOYERS MUTUAL CASUALTY COMPANY OF DES MOINES, IOWA, a corporation, R. T. Pitts, individual, J. P. Yonce, individual, J. A. Spell, individual, J. A. Biggers, individual, and Ed Mabry, individual, Defendants.

Civ. A. No. 2936.

United States District Court
W. D. South Carolina,
Greenville Division.

March 3, 1965.

John Bolt Culbertson, and Rodney A. Culbertson, Greenville, S. C., for plaintiff.

W. Francis Marion, and Donald L. Ferguson, Greenville, S. C., for defendants.

HEMPHILL, District Judge.

Heard at Greenville, S. C., this action precipitated issues of liability and damages within the jurisdiction of this court over matters involving civil rights.[1] Demand for jury trial was not made under Rule 38, Rules of Civil Procedure; pleadings and testimony were presented before the court, in open session, under Rule 52 (a), Rules of Civil Procedure, United States District Courts. Upon conclusion of the presentation counsel advised that neither oral arguments nor filing of briefs[2] were desired. Thereupon the court engaged to "find the facts specially and state separately its conclusions of law thereon," Rule 52, supra. Full opportunity to hear the testimony, observe the demeanor and note the interest or lack of interest of the witnesses, and judge the credibility of the witnesses[3] was pursued.

Plaintiff complains of alleged violation of his "rights" arising out of his apprehension, and arrest by individual defendants in the discharge of their duty as South Carolina State Highway Patrolmen, alleging physical abuses by them with resulting personal injury, pain, embarrassment and degradation, all "acting in concert to violate the civil rights of

---

1. Title 28, § 1343, U.S.Code. Neither before nor upon trial was suggestion made that what might have been an ordinary tort claim for assault and battery had been clothed in the garb of civil rights to invoke Federal jurisdiction not otherwise available because of lack of complete diversity of citizenship and ju-risdictional amount. See Title 28, §§ 1331, 1332, U.S.Code.

2. Trial briefs had been filed prior to hearing.

3. See Gates v. Woods, 169 F.2d 440, 443 (4th Cir. 1948).

the plaintiff, a negro boy, which fact was well known to the patrolman bonded by the defendant corporation;" damages were demanded against defendant corporation in the amount of $2000.00 and against individuals jointly and severally in the amount of $10,000.00. All defendants entered general denial, corporate defendant filing complaint against individuals under provision of Title 46–852, Code of Laws for South Carolina, for 1962, as amended.[4] General denials to cross complaint completed the issues here.

At the close of plaintiff's testimony motion for nonsuit as to individual defendants was denied as to defendant Pitts, granted as to other individual defendants upon finding by the court that plaintiff failed to prove the essential elements of his case sufficiently to stay in court. This conclusion was reached by the court sitting as a trier of fact and viewing the testimony most favorable to plaintiff.[5] Thereafter further testimony was taken, and the court thereon made its

## FINDINGS OF FACT

1. On April 26, 1959 plaintiff, accompanied by two companions, was driving an automobile of his mother on Camp Road in Greenville County, South Carolina. At a point approximately 4/10 mile from the Greenville City Limits he was stopped by a group of South Carolina State Highway Patrolmen who were checking passing motorists for drivers' licenses pursuant to their authority under provisions and directions of Sections 46–854 and 46–855 of the 1962 Code of Laws of South Carolina.[6] Plaintiff was stopped as and in the manner of other motorists by Officer R. T. Pitts who had plaintiff pull over to the shoulder of the road. Upon inquiry plaintiff admitted he had no driver's license but claimed he had a money order receipt for order of a

4. Which reads as follows: *"Patrolmen to be bonded.*—Every officer and patrolman commissioned pursuant to this chapter shall file a bond, or be covered by a surety bond, in the amount of not less than two thousand dollars with the Department, subscribed by some duly licensed surety company, conditioned for the faithful performance of his duties, for the prompt and proper accounting of all funds coming into his hands and for the payment of any judgment recovered against him in any court of competent jurisdiction upon a cause of action arising out of breach or abuse of official duty or power and damages sustained by any member of the public from any unlawful act of such officer or patrolman; *provided,* that coverage under such bond shall not include damage to persons or property arising out of the negligent operation of a motor vehicle. Such bond may be individual, schedule or blanket and on a form approved by the Attorney General. The premiums on such bonds shall be paid by the Department out of the State highway fund."

5. There was insufficient testimony to prove the facts asserted by plaintiff were more probably true than false. See Burch v. Reading Co., 240 F.2d 574, 578, 579 (3rd Cir. 1957).

6. Section 46–854. *"Duties and powers of patrolmen.*—The patrolmen and officers of the South Carolina Highway Patrol shall patrol the highways of the State for the purpose of enforcing the laws of the State relative to highway traffic and motor vehicles. Such officers and patrolmen shall have the same power to serve criminal processes against offenders as sheriffs of the various counties and also the same power as such sheriffs to arrest without warrants and to detain persons found violating or attempting to violate any laws of the State relative to highway traffic and motor vehicles. Such officers and patrolmen shall also have the same power and authority held by deputy sheriffs for the enforcement of the criminal laws of the State. They shall remain on the highways, roads and streets at all times while in the performance of their duties, only leaving the highways, roads or streets to pursue an offender who could not be apprehended upon the highways, roads or streets." Section 46–855. *"Procedure upon making arrests; release upon deposit of money with patrolman as bail.*— When any person is apprehended by a patrolman upon a charge of violating any traffic or other law, the enforcement of which by a patrolman is authorized by law, the person so being charged, upon being served with the official summons issued by such arresting patrolman, in lieu of being immediately brought before the proper magistrate, recorder or other ju-

duplicate, being unable to produce the receipt. In addition plaintiff was unable to produce registration certificate for the car, had no means of identification on his person. He told the officer his birthdate, that he was unemployed. The officer left him beside the road, with instructions or permission to call or contact and produce information or prepare to post bond of $10.00. The patrolman then left the car plaintiff was in and directed his attention to other drivers being examined.

2. Patrolman Pitts returned to plaintiff and upon being informed plaintiff could not post bond told him he would have to take him to the county jail, seized plaintiff by the belt and led him to a patrol car across the highway. Plaintiff refused to get in the car and patrolmen Yonce and Spell assisted in putting him in the car, where he was handcuffed and seated in the back seat and taken to the Greenville County Jail by Officers Pitts and Riddle. At the jail plaintiff's handcuffs were removed, and he was turned over to jailer Gene Revis from whom he tried to escape but was unsuccessful. He was later released on bond, forfeited a $10.00 bond for failure to have a driver's license in his possession,[7] was forgiven by the Magistrate for alleged disorderly conduct.

3. The credible evidence failed to show plaintiff was in any wise treated in an unreasonable manner, or abused. No credible evidence was presented that the race of plaintiff was a factor, or a consideration in the treatment he received. There is insufficient credible evidence that unnecessary or malicious application of force was used in the treatment of plaintiff, or that his arrest was unreasonable.

The Court now reports its

## CONCLUSIONS OF LAW

■ A. Plaintiff has failed to prove the material allegations of his complaint by the preponderance of the evidence, has failed to discharge his burden of proof of liability on the part of defendants, or damages to himself as a consequence thereof.[8] Even if the facts presented equally supported inconsistent inferences, plaintiff could not here recover.[9]

---

dicial officer to enter into a formal recognizance or make direct the deposit of a proper sum of money in lieu of a recognizance or incarceration, may deposit with the apprehending patrolman a sum of money as bail, not less than the minimum nor more than the maximum fine, but in no case to exceed one hundred dollars, to be in due course turned over to the judicial officer as money for bail, in lieu of entering into a recognizance for his appearance for trial as set in the aforesaid summons or being incarcerated by the arresting officer and held for further action by the appropriate judicial officer. A receipt for such sum so deposited shall be given to such person by such arresting officer. The summons duly served as herein provided shall give the judicial officer jurisdiction to dispose of the matter. Upon receipt of the fixed sum of money the patrolman may release the person so charged as above provided for his further appearance before the proper judicial officer as provided for and required by the summons."

7. See Section 46–167 of the S.C.Code for 1962 provides: *"License to be carried*

*and exhibited on demand.*—Every licensee shall have his license in his immediate possession at all times when operating a motor vehicle and shall display it upon demand of any officer or agent of the Department or any police officer of the State."
Section 46–192.5 of the S.C.Code for 1962 provides: *"General penalties.—* It is a misdemeanor for any person to violate any of the provisions of this chapter unless such violation is by this chapter or other law of this State declared to be a felony. Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided shall be punished by a fine of not more than one hundred dollars or by imprisonment for not more than thirty days."

8. See Kohlsaat v. Parkersburg & Marietta Sand. Co., 4 Cir., 266 F. 283, 11 A.L.R. 686.

9. Nat. Bank of South Carolina of Sumter v. American Surety Co. of New York, 4 Cir., 67 F.2d 131.

660

B. While it is true that Congress, in enactment of Civil Rights Statutes intended to give a remedy to parties deprived of constitutional rights, privileges, and immunities by an official's abuse of his position,[10] commonly classified as abuse "under color of law", plaintiff has failed to prove his entitlement to such remedy because of insufficiency of credible facts to which the remedy has application. He has proved no deprivation of his constitutional rights.[11] Plaintiff has failed to establish credible facts sufficient to impose liability of defendants.

C. No evidence exists to entitle corporate defendant to recovery against any co-defendant.

The Clerk shall enter judgment for defendants under Rule 58, Rules of Civil Procedure, United States District Courts.

And it is so ordered.

10. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.

11. Title 42, § 1983, U.S.Code provides: *"Civil action for deprivation of rights.* Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."