Gary **WHITSEL**, Plaintiff,

v.

**SOUTHEAST LOCAL SCHOOL DISTRICT et al., Defendants.**

Civ. No. C71–435.

United States District Court,
N. D. Ohio, E. D.

Feb. 11, 1972.

Richard P. McLaughlin, Youngstown, Ohio, for plaintiff.

Ronald J. Kane, Pros. Atty., and Ralph J. Stemberger, Asst. Pros. Atty., Portage County, Ravenna, Ohio, for defendants Southeast Local School Dist., Southeast Local School Dist. Bd. of Ed., Kenneth Thomas, Individually and as President of the Southeast Local School Dist. Bd. of Ed., Leon Campbell, Ronald Haiflich, William Murphy and John Martin, Individually and as Members of

the Bd. of Ed., Mrs. Thelma M. Lee, Individually and as Clerk of Southeast Local School Dist. Bd. of Ed.

Bernard J. Wilkes, Youngstown, Ohio, and Joseph G. Schneider, Cleveland, Ohio, for Richard E. Nace, Individually and as Superintendent of Schools of the Southeast Local School Dist.

## ORDER

KRUPANSKY, District Judge.

This is an original action wherein jurisdiction of the Court is invoked pursuant to authority of 28 U.S.C. §§ 1331, 1343(3), (4) and 42 U.S.C. § 1983.

The Complaint charges constitutional infringements upon freedom of speech, assembly, association, and religion guaranteed by the First and Fourteenth Amendments to the United States Constitution and a denial of the due process provisions guaranteed by the Fourteenth Amendment to the Constitution.

Briefly, and in substance, the controversy results directly from the termination of plaintiff's continuing teaching contract by the defendant Southeast Local School District Board of Education on or about January 11, 1971.

Dismissal proceedings were initiated against the plaintiff following a demonstration of approximately 350 students on May 6, 1970, at Southeast High School in Stark County, Ohio.

Procedural due process provided by Ohio Rev.Code § 3319.16, and related sections, including validity of such code sections are not contested.

Subsequent to an investigation of the disturbance which resulted in closing the school from noon of May 6th until May 12, 1970, plaintiff was notified in writing by the Southeast Local Board of Education of its intent to consider the termination of his teaching contract. Thereafter, pursuant to the procedural requirements of Ohio Rev.Code § 3319.-16, and related sections, and upon the request of the plaintiff, defendant Board of Education conducted a public hearing. Upon conclusion of the public hearing,

defendant Board of Education entered an order terminating plaintiff's contract in the following language:

[P]ersistent and willful violation of reasonable regulation of the Southeast Board of Education, and other good and just cause.

Appeal from the adverse order of the Board of Education to the Common Pleas Court of Portage County, Ohio, is provided for by Ohio Rev.Code § 3319.-16.

Plaintiff charges in his Complaint that although his conduct on May 6th, during the course of the student disturbance, and on May 4th and 5th, preceding the student demonstration, furnished ostensible basis for the defendant Board's action in terminating his contract, that in fact his dismissal was prompted by:

. . . his previous criticism of the defendant Board; his classroom discussion in his course on 'Great Issues', which studied controversial ideas and opinions on political, social and religious subjects; his personal belief, attitudes and religious views which were well known and unpopular in the community as a whole, and his activities in the local teachers' association.

all in violation of his rights to freedom of speech, assembly, association and religion as guaranteed by the First and Fourteenth Amendments to the Constitution.

At the outset of the trial of this cause, plaintiff voluntarily limited the issues to those arising from the events of May 4, 5, and 6, 1970. Mindful of the limitation, the Court has searched the record of testimony, examined the exhibits all of which fail to disclose any evidence bearing upon plaintiff's previous public criticism of the Board, the substance, scope or extent of the alleged controversial course "Great Issues" or his involvement in the expression of opinions on political, social and religious subjects. There is a total absence of evidence bearing upon any personal beliefs, attitudes and religious views of

the plaintiff and their acceptance or non-acceptance in the community as a whole, or his activity and participation in the local teachers' association.

■ The evidence taken in its entirety reflects that plaintiff's course of conduct on May 4th, 5th, and 6th culminating in his appearance before and comments to the students participating in the disturbance, imposed upon the tensions prevailing at the time, could be construed as providing support for the Board's dismissal order. Without passing upon the weight, sufficiency, or probative value of the evidence supporting the Board's dismissal order, this Court from its examination of the transcript of the Board's hearing concludes that its action and judgment was not arbitrary, discriminatory, capricious or violative of plaintiff's First and Fourteenth Amendment rights to free speech and due process as charged in Count 1 of the Complaint. *See,* Johnson v. Branch, 364 F. 2d 177 (4th Cir. 1966), cert. denied, 385 U.S. 1003, 87 S.Ct. 706, 17 L.Ed.2d 542 (1967).

■ The burden of proof in an original action is upon the plaintiff to prove, by the preponderance of the evidence, that defendants deprived him of constitutional rights as charged in the Complaint. Bare allegations of constitutional infringement unsupported by material evidence are insufficient to satisfy that burden. *See,* Buford v. Morganton City Bd. of Education, 244 F.Supp. 437 (W.D.N.C.1965); Rosemond v. Employers Mutual Cas. Co., 238 F.Supp. 657 (W. D.S.C.1965); Williams v. Howard Johnson's Inc., 210 F.Supp. 295 (E.D.Va. 1962), remanded on other grounds 323 F.2d 102 (4th Cir. 1963).

Section 1983 was not intended by Congress to constitute the District Court a forum to provide appellate review from every adverse decision of Boards of Education, or other boards, or administrative agencies when bare allegation of the Complaint are unsupported by evidence of constitutional infringement.

■ Absent a finding of constitutional infringement, and present adequate State appellate procedures available to the plaintiff, this Court cannot afford plaintiff review of the weight, sufficiency, and probative value supporting the Board's adverse decision.

■ The Court finds further that the notice of contract termination served upon the plaintiff and dated January 11, 1971, following exhaustive public hearings before the Board of Education, constituted sufficient compliance with First and Fourteenth Amendment requirements as to negate plaintiff's charges relative thereto. *See,* Teel v. Pitt County Board of Education, 272 F.Supp. 703 (E.D.N.C.1967); Ohio Rev.Code § 3319.- 16. Board action against a Miss Starrett, and her subsequent resignation, gives little support to plaintiff's charge of Board discrimination in failing to take similar disciplinary action against other teachers who participated in the events of May 4th, 5th and 6th.

Without factual or legal support, plaintiff's remaining claims must fall.

Accordingly, the plaintiff's Motion for Permanent Injunction is denied, and the Complaint is dismissed at plaintiff's costs.