**James R. STEVENS et al.,**
**Plaintiffs-Appellants,**

**v.**

**James C. HUNT, M. D., et al.,**
**Defendants-Appellees.**

**No. 80–1238.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 20, 1980.

Decided April 20, 1981.

Thomas M. Daniel, Memphis, Tenn., for plaintiffs-appellants.

Ronald C. Leadbetter, Asst. Gen. Counsel, University of Tennessee, Beauchamp E. Brogan, Knoxville, Tenn., for defendants-appellees.

Before EDWARDS, Chief Judge and WEICK, Circuit Judge and GIBSON,* District Judge.

BENJAMIN F. GIBSON, District Judge.

Plaintiffs, former medical students at the University of Tennessee, brought this action under 42 U.S.C. § 1983 requesting an injunction, declaratory judgment and damages. They contend that their academic dismissals from the University's Medical School constitute a violation of substantive due process. The trial court, after a hearing on the merits, denied all requested relief. For the reasons which follow, we affirm.

After the plaintiffs entered medical school in September, 1977 the school adopted a new policy requiring all medical students to pass Part I of the National Board of Medical Examiners (NBME) examination at the end of their second year of course work. The students were advised that anyone failing the examination *may* be sponsored by the Progress and Promotions Committee to take the examination a second and third time. The bulletin explaining the new policy further provided that the Committee would review the total academic performance of any student failing the examination as part of this responsibility. Failure after a third attempt would automatically result in academic dismissal.

Each of the plaintiffs completed two years of medical school and then failed the NBME examination twice. In October, 1979 the Committee voted to sponsor plaintiffs to take the examination a third time. Shortly thereafter, plaintiffs were advised by the Academic Affairs Committee and by the Associate Dean of Academic Affairs that, notwithstanding the Committee's vote, plaintiffs' academic dismissals would be recommended to the Dean. Ultimately, the Dean dismissed plaintiffs from medical school based upon their academic records, class standing and failures on the NBME examination. Appeals within the University system were unsuccessful.

Plaintiffs then filed this lawsuit alleging violations of both substantive and procedural due process pursuant to the fourteenth amendment and 42 U.S.C. § 1983. During the course of the trial, it became evident to the trial judge that plaintiffs had been afforded an adequate hearing. Plaintiffs have since abandoned their procedural due process claim. Thus, the sole issue on appeal is whether plaintiffs were deprived of a substantive right and, if so, whether the action of the Dean was arbitrary and capricious.

It is well established that in order to prevail in a 1983 action plaintiffs have the burden to show that they were deprived of a constitutional right and that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *Sims v. Jefferson Downs, Inc.*, 611 F.2d 609 (5th Cir. 1980); *Witsel v. Southeast Local School District*, 365 F.Supp. 312, aff'd 484 F.2d 1222 (6th Cir. 1972); *Gaspar v. Bruton*, 513 F.2d 843 (10th Cir. 1975). There is no dispute that defendants were acting under color of state law. The issue to be decided is whether plaintiffs were deprived of a constitutional right.

The Supreme Court has held that property interests which may give rise to fourteenth amendment protections may be created and defined by state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). A qualified property right in studying and practicing medicine has long been recognized by the State of Tennessee. *State ex rel. Sherman v. Hyman*, 180 Tenn. 99, 171 S.W.2d 822 (1942). Plaintiffs in this action contend that they were vested with a property right to take the NBME examination a third time when the Committee voted to sponsor each of them for a third attempt. The University, on the other hand, contends that the Committee was only empowered to make

* The Honorable Benjamin F. Gibson, Judge, United States District Court for the Western District of Michigan, sitting by designation.

recommendations to the Dean who has authority to make all final academic decisions. Thus, the central factual issue in dispute is whether the Committee or the Dean had the final authority to permit plaintiffs to take the examination a third time.

After the trial and a review of documentary evidence the trial judge stated in his opinion:

Thus, even if the provisions of the Catalog relied upon by plaintiffs were interpreted to establish a particular procedure by which the faculty committee could not be overruled by the Dean, *and this is far from clear*, failure to follow that procedure does not constitute arbitrary action sufficient to invoke constitutional protections. (emphasis added)

Thus, it is apparent that the plaintiffs failed to clearly establish that the Committee had the final authority to make the decision. Having failed to carry their burden with respect to this issue, the plaintiffs are unable to establish the first element of a 1983 action—the deprivation of a property right which could be the basis of a constitutional claim. Assuming *arguendo* that the record does support the plaintiffs' contention that the Committee was given final authority, they still cannot prevail. At the time of the decision in *Board of Curators v. Horowitz*, 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978) several courts had implied, in *dicta*, that a university student may have a cause of action for violation of substantive due process arising out of an academic dismissal from a university. *Mahavongsanan v. Hall*, 529 F.2d 448 (5th Cir. 1976); *See, Gaspar v. Bruton*, 513 F.2d 843 (10th Cir. 1975); *Greenhill v. Bailey*, 519 F.2d 5 (8th Cir. 1975); *Connelly v. University of Vermont and State Agricultural College*, 244 F.Supp. 156 (D.C.Vt.1965); *Depperman v. University of Kentucky*, 371 F.Supp. 73 (D.C.Ky.1974). The *Horowitz* decision still leaves open the question as to whether such a cause of action exists. Even if a cause of action does exist, it is clear, however, that arbitrary and capricious action on the part of the University officials would be a necessary element in

order for plaintiffs to prevail. *Board of Curators v. Horowitz*, 435 U.S. 78, 91, 98 S.Ct. 948, 955, 55 L.Ed.2d 124 (1978).

In order to establish such arbitrary and capricious action, the plaintiffs must show that there is no rational basis for the University's decision, *Greenhill v. Bailey*, 519 F.2d 5; *Horowitz v. Board of Curators*, 447 F.Supp. 1102 (D.C.Mo., 1975) or that the decision to dismiss was motivated by bad faith or ill will unrelated to academic performance. *Gaspar v. Bruton*, 513 F.2d 843.

It is clear from the record that these medical students were dismissed from the University due to a combination of factors—minimal passing grades, standings near the bottom of their class and failure to pass the NBME examination after two attempts. The Court cannot say that the dismissals were arbitrary and capricious. Therefore, the decision of the district court is affirmed.