793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CARL PRICE AND DANIEL B. TAYLOR, Plaintiffs-Appellants,
v.
GENE BARKSDALE AND SHELBY COUNTY GOVERNMENT, Defendants-Appellees.
 84-6109
 United States Court of Appeals, Sixth Circuit.
 5/2/86
 
 AFFIRMED
 W.D.Tenn.
 ORDER
 BEFORE: CONTIE and RYAN, Circuit Judges; BROWN, Senior Circuit Judge.
 
 
 1
 The plaintiffs appeal pro se from the district court's judgment dismissing their prisoners' civil rights case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time they filed their complaint, the plaintiffs were both prisoners at the Shelby County, Tennessee jail. They allege that they were both denied permission to pay their last respects to deceased relatives while other prisoners at the jail were allowed to do so. The defendants responded that they could not accommodate the plaintiffs' requests because of the severity of the plaintiffs' crimes and the lack of adequate personnel to provide secure transportation. The district court agreed with the position of the defendants.
 
 
 3
 Initially, it is clear that the plaintiffs do not state an equal protection claim under the fourteenth amendment. The plaintiffs have not alleged invidious discrimination based on poverty, race, or some other unreasonable classification. Griffin v. Illinois, 351 U.S. 12, 17-18 (1956); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir. 1986).
 
 
 4
 The remaining question is whether plaintiffs state a due process claim under the fourteenth amendment. We assume without deciding that the plaintiffs raise a protected liberty interest. Compare Spruytte v. Walters, 753 F.2d 498, 507-08 (6th Cir. 1985), cert. denied, ---- U.S. ----, 106 S. Ct. 788 (1986) with Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir. 1985). We also assume that the plaintiffs possess a substantive due process right to be free from arbitrary and capricious decisionmaking. Stevens v. Hunt, 646 F.2d 1168, 1169-70 (6th Cir. 1981).
 
 
 5
 In order to show arbitrary and capricious action, the plaintiffs must show that there was no rational basis for the defendants' decision or that the decision was motivated by bad faith or ill will. Id. at 1170. In the present case, the defendants' affidavits present a rational basis for the action--that there were legitimate security concerns. The plaintiffs do not present any evidence of bad faith or ill will. So the district court was correct to hold in favor of the defendants.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.