968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jacqueline McMILLAN, Plaintiff-Appellant,
v.
Isaac C. HUNT, Jr., et al., Defendant-Appellee.
 No. 91-3843.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Jacqueline McMillan appeals the district court's dismissal of her complaint in which she sought injunctive relief against various officials of the University of Akron College of Law. McMillan alleges the law school violated her substantive and procedural due process rights when it dismissed her from the law school on the grounds of academic dishonesty.
 
 
 2
 As a first year law student at the University of Akron College of Law, McMillan was enrolled in the required legal writing course entitled "Basic Legal Communications." Richard Cohen was McMillan's legal writing professor. In January of 1991, after making an independent investigation, Cohen notified McMillan that he was charging her with a violation of the school's honor code arising from McMillan's third research paper. After comparing McMillan's paper to that of Sara Rich, who was McMillan's roommate and classmate, and after talking with the two students, Cohen believed that McMillan plagiarized Sara Rich's work. Professor William Rich was appointed by Professor Richard Grant, Chair of the Student Disciplinary Committee, to investigate Cohen's charge. After reviewing the results of the investigation, Grant found that there was probable cause to believe that McMillan may have violated the Student Disciplinary Code. Thereafter, Grant set a hearing before the Disciplinary Committee and on March 29 and 30, 1991, the Disciplinary Committee convened. At the hearing, McMillan was represented by two attorneys, presented evidence, and cross-examined witnesses. In a 5-2 vote, the Disciplinary Committee found that McMillan had violated the Student Honor Code. On April 4, 1991, the Committee made a unanimous recommendation to the Dean of the College of Law that McMillan be permanently expelled from the law school. On July 18, 1991, the Dean affirmed the findings of the Disciplinary Committee.
 
 
 3
 McMillan filed a complaint in federal district court seeking injunctive relief. The district court dismissed her complaint, finding no evidence of a violation of McMillan's right to equal protection and finding that the school had not violated McMillan's rights to procedural and substantive due process. For the reasons described below, we affirm the district court.
 
 
 4
 We find that McMillan received sufficient process to prevent an erroneous deprivation. The record indicates that McMillan received notice of the charges that were being brought against her in a hearing before the law school's Disciplinary Committee. At the two-day meeting, McMillan was represented by two attorneys and had ample opportunity to present her evidence in considerable detail. Each side had an opportunity to call witnesses and present their version of the events. In addition, the record indicates that the Disciplinary Committee based their finding of academic dishonesty on sufficient evidence. This evidence includes the striking similarity between the final papers, testimony that indicated that Sara Rich finished her paper several hours before McMillan finished her paper, and that approximately one week prior to the due date, McMillan was seen leaving Sara Rich's room. See Mathews v. Eldridge, 424 U.S. 319, 348 (1976) ("All that is necessary is that the procedures be tailored, in light of the decision to be made, to the 'capacities and circumstances of those who are to be heard' [citation omitted] to insure that they are given a meaningful opportunity to present their case.").
 
 
 5
 McMillan also argues that she was denied due process because of bias on the part of Grant, the Disciplinary Committee Chair, and Timothy Sheriden, a student representative on the Disciplinary Committee. Specifically, McMillan argues that Grant should have recused himself due to his prior involvement with the case and Sheriden should have been removed because of a prior altercation between Sheriden and McMillan. We agree with the district court's finding that while it might have been more prudent for Sheriden to be removed, this failure to remove Sheriden did not constitute a denial of due process to McMillan. In the university setting, a disciplinary committee is entitled to a presumption of honesty and integrity, absent a showing of actual bias. See Ikpeazu v. Univ. of Nebraska, 775 F.2d 250, 254 (8th Cir.1985). We find no evidence of actual bias in the record on the part of Grant or Sheriden.
 
 
 6
 McMillan also argues that the law school violated her constitutional right to substantive due process by arbitrarily and capriciously dismissing her from law school. Ewing v. Bd. of Regents of Univ. of Michigan, 742 F.2d 913, 915 (6th Cir.1984), rev'd on other grounds, 474 U.S. 214 (1985). In order to prove that the law school's actions were arbitrary or capricious, McMillan must show that there was no rational basis for the law school's actions. See Stevens v. Hunt, 646 F.2d 1168, 1170 (6th Cir.1981). From our review of the record, we can find no basis upon which to hold that the law school's actions were arbitrary or capricious. We find that the law school had a rational basis for dismissing McMillan. The record supports the Disciplinary Committee's finding.
 
 
 7
 For the foregoing reasons, we affirm the district court's decision.