985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HARTMAN & TYNER, INC., a Michigan corporation, Plaintiff/Appellant,
v.
CHARTER TOWNSHIP OF WEST BLOOMFIELD, West Bloomfield
Township Board of Trustees, Defendants/Appellees,
and
Sharon A. Law, et al., Defendants.
 No. 92-1335.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1993.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Hartman & Tyner Inc. appeals from the grant of summary judgment in favor of defendants, the Charter Township of West Bloomfield and West Bloomfield Township Board of Trustees, in an action challenging the constitutionality of defendants' zoning decision. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Plaintiff purchased property in West Bloomfield Township, Michigan, in the early 1960s. Although originally zoned as I-L, limited industrial, it was rezoned to R-15, single-family residential in 1989. Plaintiff sought rezoning to B-3, general business, so that it could operate a mobile home park on the parcel.[1]
 
 
 3
 At the Planning Commission's public hearing and meeting, residents opposed the change because it would disrupt the area with increased traffic congestion and businesses. Additionally, one of the commission members explained that the area was presently a combination of single family residences and a light industrial area designed to complement the residential neighborhood. The Commission ultimately decided a B-3 zone would be inconsistent with the present goals for the area and recommended denial of the change. In a letter to the township, the County Board of Commissioners explained that plaintiff's property was in an area which the township had intended to be residential, not industrial or business-oriented and recommended denial of the change. Finally, at its regular meeting, the Board of the Charter Township expressed concern with the numerous permissible business uses allowed in a B-3 zone and the need for variances for certain uses. Based on all of these concerns, the township denied the request. A request for a use variance to allow the trailer park was also denied.
 
 
 4
 Plaintiff filed suit in district court alleging the zoning constituted a taking of property without just compensation and violated his rights to substantive due process and equal protection. Plaintiff also raised state law claims. Defendants responded with a "Motion for Summary Judgment and Motion to Dismiss." Jt.App. at 32. Defendant attached the minutes of the Planning Commission's hearing, the Board of County Commissioners' letter recommending denial of the request, and the minutes of the township meeting to the motion. Jt.App. at 55, 60, 62. The district court held that the takings claim was not ripe for review, that plaintiff's substantive due process claim was precluded by the just compensation claim, that plaintiff failed to state an equal protection claim, and dismissed all state law claims because no federal claims remained. Jt.App. at 22-29.
 
 II.
 
 5
 We review grants of summary judgment de novo. Curto v. City of Harper Woods, 954 F.2d 1237, 1241 (6th Cir.1992). Summary judgment must be sustained if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Curto, 954 F.2d at 1241.
 
 
 6
 Additionally, jurisdictional questions, such as the ripeness issue presented here, are reviewed de novo. Michigan Employment Sec. Director v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1138 (6th Cir.1991), cert. dismissed, 112 S.Ct. 1605 (1992).
 
 III.
 A.
 
 7
 Plaintiff initially contends that summary judgment is improper because defendant's motion actually sought dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), not summary judgment. Defendants filed a "Motion for Summary Judgment and Motion to Dismiss" and submitted materials outside the pleadings with this motion. The motion was written in terms of a failure to state a claim motion with only sparse reference to the supplemental material. However, the district court plainly entered summary judgment, relying on this supplemental material.[2] When a court considers a motion for dismissal and matters outside the pleadings are presented to and not excluded by the court, the proceeding must be treated as one for summary judgment. United Brotherhood of Carpenters and Joiners of America, Dresden Local No. 267 v. Ohio Carpenter's Health and Welfare Fund, 926 F.2d 550, 558 (6th Cir.1991).[3]
 
 
 8
 Nevertheless, plaintiff argues that it had no notice that the case would be disposed of by summary judgment and was unfairly prejudiced by this lack of notice. Plaintiff's own actions belie this assertion. Even though, "on a motion to dismiss, a plaintiff may safely rely on his complaint ...," plaintiff attached materials outside the pleading to its own motion in opposition.[4] Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 392 (6th Cir.1975). Plaintiff must have anticipated the possibility of summary judgment because it would have had no reason to attach any supplemental materials if it believed the motion would be viewed as a motion to dismiss. By attaching the materials, plaintiff indicated that it did have notice that the case could be disposed of on summary judgment and that "notice to [plaintiff] ... would merely have informed [it] of what [it] should already have known." Id. at 393.
 
 
 9
 Moreover, even assuming that plaintiff was surprised by the district court order, plaintiff must show it was prejudiced in that it "was prevented from conducting additional relevant discovery or filing supplemental material in opposition to summary judgment." United Brotherhood, 926 F.2d at 558 (citing Dayco, 523 F.2d at 393). Plaintiff has not identified what further evidence it would have discovered or provided had it been given explicit notice; therefore, we find no prejudice. Id.; Dayco, 523 F.2d at 393.
 
 B.
 
 10
 The district court found that plaintiff's claim for just compensation was not ripe because plaintiff had not pursued a state inverse condemnation action. We agree.
 
 
 11
 The Supreme Court has stated that a claim for just compensation under the Fifth Amendment's Taking Clause is not ripe where a plaintiff has not used an adequate and available state inverse condemnation procedure. Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-97 (1985). See Silver v. Franklin Twp., Board of Zoning Appeals, 966 F.2d 1031, 1034 (6th Cir.1992); Curto, 954 F.2d at 1245. Michigan law provides for an inverse condemnation action where zoning regulations cause a diminution in value of a person's property. Mich. Const. art. 10, § 2; Electro-Tech Inc. v. H.F. Campbell Co., 433 Mich. 57, 88-89 (1989), cert. denied, 493 U.S. 1021 (1990); Poirier v. Grand Blanc Twp., 167 Mich.App. 770, 773, appeal denied, 431 Mich. 913 (1988). See Curto, 954 F.2d at 1245.
 
 
 12
 Plaintiff argues the state procedures are inadequate because they can only give injunctive relief, not money damages.[5] However, Michigan cases indicate that money damages are available as compensation for an inverse condemnation. See In re Acquisition of Land-Virginia Park, 121 Mich.App. 153 (1982); Detroit Bd. of Educ. v. Clarke, 89 Mich.App. 504 (1979). Thus, plaintiff has an adequate and available state remedy and the district court correctly dismissed this claim as premature.
 
 C.
 
 13
 The district court also held that the Fifth Amendment's Takings Clause precluded plaintiff's substantive due process claim brought under the Fourteenth Amendment. Although we disagree that the claim is precluded, we nevertheless find that summary judgment for defendants is proper on this claim.
 
 
 14
 The district court relied on Whitley v. Albers, 475 U.S. 312 (1986) and Graham v. Connor, 490 U.S. 386 (1989) for the proposition that substantive due process claims should be adjudicated by reference to a specific constitutional standard if one exists.[6] The district court reasoned that the Fifth Amendment's Takings Clause specifically governs this type of claim and subsumes any substantive due process argument made under the Fourteenth Amendment. We recently rejected this argument in Pearson v. City of Grand Blanc, 961 F.2d 1211 (6th Cir.1992).[7] In Pearson, the district court held that all zoning claims had to be treated as takings claims. Id. at 1214. We affirmed the result of the district court, but specifically found that its rationale "cannot be reconciled with current controlling precedent." Id. Thus, the district court erred in dismissing plaintiff's substantive due process claim.
 
 
 15
 However, based on the facts of this case, we find that summary judgment for defendants is proper. In Pearson, we explained that zoning actions may either be legislative or administrative. Id. at 1220-21. Although the distinction between the two is vague, administrative action generally concerns a limited number of persons or parcels of property while legislative action is broader in its scope. Id.; Nasierowski Bros. Inv. Co. v. Sterling Heights, 949 F.2d 890, 896 (6th Cir.1991). In either case, our review is extremely narrow and deferential to the local action. We review administrative actions to determine if the action was arbitrary and capricious in that there was no rational basis for the decision. Pearson, 961 F.2d at 1221 (citing Stevens v. Hunt, 646 F.2d 1168, 1170 (6th Cir.1981)). We review the evidence put before the local authorities to decide only if they considered it and acted rationally on it. Id. at 1222. Legislative action is reviewed only to decide whether the zoning is rationally related to a legitimate state end. Id. at 1223. In that case, we do not review the evidence at all. Id.
 
 
 16
 The present case presents a refusal to rezone one parcel of land; therefore, it is administrative action and we review to determine whether a rational basis for the action exists. The record indicates that defendants based their decision on their desire to preserve the residential and quiet nature of the neighborhood. These concerns relate to the health, safety, and welfare of the community and are permissible motives for zoning decisions. Pearson, 961 F.2d at 1224; Curto, 954 F.2d at 1243. Based on these facts, we hold that no substantive due process violation occurred.
 
 D.
 
 17
 The district court granted summary judgment against plaintiff as to its equal protection claim brought under the Fourteenth Amendment. We agree.
 
 
 18
 The Equal Protection Clause of the Fourteenth Amendment dictates that all people similarly situated be treated alike. Cleburne v. Cleburne Living Center Inc., 473 U.S. 432, 439 (1985). Under the clause, legislation is generally proper if it is rationally related to a legitimate state interest. Only classifications by race, alienage, national origin, or gender are subject to more stringent scrutinies. Id. None of these classifications are present. Thus, the refusal to rezone is challenged as economic discrimination. See Pearson, 961 F.2d at 1216. "[I]n the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment." Curto, 954 F.2d at 1244 (quoting New Orleans v. Dukes, 427 U.S. 297, 303 (1976)). See Bannum, Inc. v. Louisville, Kentucky, 958 F.2d 1354, 1360 (6th Cir.1992) ("[Z]oning decisions are reviewed to determine whether the classifications drawn by the regulations are rationally related to a legitimate interest of the state or municipality.")
 
 
 19
 To show an equal protection violation, plaintiff argues that the zoning scheme allows the township to disallow all mobile home parks since they require special permission and are allowed only in B-3 zones. However, the township made clear that they did not refuse to rezone because of the possibility of a mobile home park. Rather, it decided not to rezone because all of the various land uses allowed under a B-3 classification would add to traffic congestion and disrupt the present nature of the neighborhood. Such concerns are legitimate state interests and the decision presented here is rationally related to them. See Curto, 954 F.2d at 1245; Studen v. Beebe, 588 F.2d 560, 565 (6th Cir.1988). Further, there is no showing of disparate treatment between plaintiff and other citizens of the township; therefore, no denial of equal protection occurred. Studen, 588 F.2d at 565.
 
 
 20
 For all the foregoing reasons, we AFFIRM.
 
 
 
 [1]
 The B-3 zone is the only classification which allows mobile homes. Even in a B-3 zone, mobile home parks are allowed only upon the approval of the Zoning Board of Appeals and the Planning Commission. Jt.App. at 144 (West Bloomfield Township Zoning Ordinance § 26-32(3) [hereinafter Ordinance]
 
 
 [2]
 Although the district court used the term "failed to state a claim" throughout its decision, the court nevertheless referred to the matters set forth in the supplemental material and relied upon them in making its decision. "This error in nomenclature does not affect our review of the case. As an appellate court, we are not bound to adhere to the label attached to the trial court's disposition of the case and may treat it as a summary judgment." United Brotherhood, 926 F.2d at 558. Moreover, the court ultimately held that "[d]efendants' motion for a summary judgment must be granted...." Jt.App. at 29. Therefore, we treat the order as a summary judgment
 
 
 [3]
 Plaintiff also argues that these materials are not "materials outside the pleadings" because they are matters of public record. We disagree. "[M]ost courts ... 'view matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at 499-500 (2d ed. 1990). See Fed.R.Evid. 803(8) (making public records admissible as evidence). The minutes and letter attached are materials outside the pleadings; therefore, they form a proper basis for summary judgment
 
 
 [4]
 Plaintiff attached a copy of the minutes of the township meeting and the letter from the Board of Commissioners which recommended denial of plaintiff's requested change
 
 
 [5]
 At oral argument, plaintiff reversed its argument, contending that no adequate remedy is available at state law because plaintiff could only recover money damages, not injunctive relief. The direction of plaintiff's argument is irrelevant because Michigan law does allow injunctive relief in inverse condemnation actions. See Electro-Tech, Inc. v. H.F. Campbell Co., 433 Mich. 57, 89 (1989) ("Generally, the remedy in [inverse condemnation actions] is a declaration that the regulation is unconstitutional and void.")
 
 
 [6]
 Whitley holds that § 1983 actions of prisoners alleging cruel and unusual punishment should be governed by the Eighth Amendment. Whitley, 475 U.S. at 327. Graham holds that § 1983 claims of excessive force used in arrests or other stops should be governed by Fourth Amendment standards. Graham, 490 U.S. at 388
 
 
 [7]
 The appellate decision in Pearson was released after the district court in this case rendered its opinion