**John T. HARDING, Plaintiff–Appellant,**

v.

**COUNTY OF DOOR,**
**Defendant–Appellee.**

**No. 88–2352.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1989.

Decided March 20, 1989.

Michael T. Hopkins, Milwaukee, Wis., for plaintiff-appellant.

John Koeppl, Dewitt Porter Huggett Schumacher & Morgan, S.C., Madison, Wis., for defendant-appellee.

Before WOOD, Jr., POSNER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

John Harding appeals from the district court's entry of summary judgment in favor of defendant Door County, Wisconsin. We affirm.

## I.

In 1983, plaintiff John Harding, decided to develop a tract of land he owned in Door County, Wisconsin. Harding's plan of development contemplated the construction of fourteen single family homes to be sold on a condominium time-share basis. Under this plan, a purchaser of a time slot would have exclusive possession of a particular home for one week during each season of the year. Thus, it was theoretically possible for thirteen different families to reside in a single home during the year.

In accordance with Wisconsin zoning provisions, Harding submitted his plans for the project to a zoning administrator. The zoning administrator determined that the plans complied with the terms of the relevant zoning ordinance and issued the permit. Construction on the first of the houses commenced soon afterwards.

After construction on the project was already underway, a neighboring landowner, concerned about the possibility of multiple tenants occupying a single home, petitioned the Door County Board of Adjustment ("Board") to overturn the administrator's decision. The Board conducted a public hearing on the issue and ultimately determined that single family time-share condominiums were not permitted under the relevant zoning ordinance. As a result, the Board revoked Harding's building permit.

Harding unsuccessfully appealed the Board's decision to the Circuit Court of Wisconsin. The Wisconsin Court of Appeals, however, eventually reversed the lower court and ordered the Board to reinstate the permit. By this time, however, Harding lacked the financial capability to complete the project.

After triumphing in the appellate court, Harding, pursuant to 42 U.S.C. § 1983, filed suit against Door County in the district court alleging that the revocation of his building permit violated his substantive due process rights. The parties filed cross-motions for summary judgment and, in July 1988, the district court granted Door County's motion. Harding appeals from this decision.

## II.

■ Harding's principal argument on appeal is that the Board violated his substantive due process rights by revoking his building permit. A zoning decision denies substantive due process only if it is invidious or irrational. *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461 (7th Cir.1988). Therefore, Harding must demonstrate that the Board's decision revoking his building permit was invidious or irrational.

■ Plaintiff argues that the Board's zoning decision was irrational because it lacked authority under Wisconsin law to revoke a building permit once it determined that the building complied with the zoning ordinance's structure or use requirements. This court, however, rejected a similar argument in *Coniston* stating:

> This case presents a garden-variety zoning dispute dressed up in the trappings of constitutional law—a sure sign of masquerading being that the plaintiffs do not challenge the constitutionality of the zoning ordinance s.... *but argue rather that the Board of Trustees had no authority under those ordinances to reject their site plan once the Village Plan Commission had approved it.* If the plaintiffs can get us to review the merit of the Board of Trustees decision under state law, we cannot imagine what zoning dispute could not be shoehorned into federal court in this way, there to displace or postpone consideration of some worthier object of federal judicial solicitude.

844 F.2d at 467 (emphasis added). Moreover, if this argument had merit, we find it remarkable that the Wisconsin Court of Appeals failed to address it in its decision.

██ Plaintiff also contends that the Board's decision itself was irrational. This argument, too, is without merit. The record reveals that the Board rendered a reasoned decision based on a perfectly logical interpretation of the relevant zoning ordinance. In interpreting the ordinance the Board analyzed the rationale underlying the statute and rendered a decision that it believed was consistent with the intent of the legislature that drafted it. Although the Wisconsin Court of Appeals ultimately determined that the Board's interpretation of the zoning ordinance was erroneous, this fact does not transform the Board's rational decision into an irrational one.

Finally, plaintiff argues that the Board engaged in intentional discrimination against him. Intentional discrimination may be shown by evidence indicating a discriminatory design to favor one individual over another. *Scudder v. Town of Greendale, Ind.*, 704 F.2d 999 (7th Cir. 1983). This claim, like its predecessors, is completely without merit. Harding has adduced no evidence demonstrating that the Board has approved a similar development project in the past.

We conclude by reminding potential litigants that the federal courts are ordinarily not vehicles to review zoning board decisions. Accordingly, we urge both potential litigants and their attorneys to read this opinion in conjunction with our previous decision in *Coniston* before commencing a suit challenging a zoning decision in federal court.

AFFIRMED.