Norbert C. **PEARSON**, also known as Spike, Plaintiff–Appellant,

v.

CITY OF GRAND BLANC, Defendant–Appellee.

J. Larry Tomlinson, et al., Defendants.

No. 91–1221.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 5, 1991.

Decided March 10, 1992.

1212

Steven P. Iamarino, Grand Blanc, Mich. (argued and briefed), for plaintiff-appellant.

Michael S. Bogren (argued and briefed), Plunkett & Cooney, Kalamazoo, Mich., for defendant-appellee.

Before: BOGGS and NORRIS, Circuit Judges; and BERTELSMAN, Chief District Judge.[*]

BERTELSMAN, Chief District Judge.

This is a federal civil rights case, brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C.A. § 1341, stemming from the routine denial of a zoning change by the defendant City of Grand Blanc, Michigan. The district court granted summary judgment for the defendants.[1]

Although the result of the district court opinion, 756 F.Supp. 314, is clearly correct,

---

[*] The Honorable William O. Bertelsman, Chief District Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

1. Defendants include the City and various City officials.

its published opinion [2] adopts the rationale that all federal zoning cases should be treated as "takings." After exhaustive research, we find that this proposition—while it has the undoubted salutary advantage of minimizing the involvement of federal courts in local zoning—cannot be reconciled with current controlling precedent. Our research further reveals the circuits to be deeply divided concerning the theories to be employed in federal court cases challenging zoning. Therefore, we write to collate the law on this subject, catalogue the various approaches, and clarify our own approach.

## I. FACTS

Plaintiff Pearson is the owner of a parcel of property in the City of Grand Blanc, Michigan. Plaintiff alleges that there are two zoning classifications assigned to the property, Residential 2 in the rear and Business 1 in the front.

Early in 1989, plaintiff applied for a complete rezoning of the property to B–2. Plaintiff desired to take advantage of an opportunity to sell the parcel to McDonald's for one of its fast food restaurants. Plaintiff originally contended that the divided zoning completely negates any economically viable use of his property, but has withdrawn any taking claim he might have had.

Plaintiff's rezoning application was approved by both the county and city planning commissions. The final decision was up to the city council under state law, however. As it happened, the neighbors were less than enthusiastic concerning the advent of the golden arches in their neighborhood. The request was rejected by the City Council and remanded to the city planning commission.

Subsequently, plaintiff submitted an amended site plan and zoning request, which was similarly rejected by the city council, although approved by the planning commission. Plaintiff avers that the rejection was arbitrary and capricious, depriving him of substantive due process of law. Plaintiff filed this action based primarily on federal claims in the state court, but it was removed to the district court by the defendants.[3] Plaintiff also asserts an equal protection claim, arguing that similar zoning changes have been granted in the past in virtually identical situations.

He contends that the foregoing factors raise issues of material fact which entitle him to have a jury review the decisions of the city council to decide whether they were arbitrary and capricious.

We disagree and affirm, but on the basis of an analysis somewhat at variance with that employed by the trial court.

## II. RIPENESS

Some circuits impose a ripeness requirement in zoning cases. This issue must be addressed first because it is jurisdictional.[4] In cases where plaintiff claims that the zoning is so stringent as to constitute a taking without just compensation, the Supreme Court requires what amounts to exhaustion of state judicial remedies, including the bringing of an inverse condemnation action, if the state affords such a remedy.[5] A deprivation of economic viability of the property is also a prerequisite for bringing such an action.[6]

The rationale for these requirements in taking cases is that the federal court cannot know what has been taken or what

**2.** *Pearson v. City of Grand Blanc,* 756 F.Supp. 314 (E.D.Mich.1991).

**3.** Plaintiff does not ask us to review the decision under state standards, however.

**4.** *See, e.g., MacDonald, Sommer & Frates v. Yolo County,* 477 U.S. 340, 351, 106 S.Ct. 2561, 2567, 91 L.Ed.2d 285 (1986); *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 199–200, 105 S.Ct. 3108, 3123, 87 L.Ed.2d 126 (1985); *Herrington v. County of*

*Sonoma,* 834 F.2d 1488, 1494 (9th Cir.1987), *modified,* 857 F.2d 567, 568 (9th Cir.1988), *cert. denied,* 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 860 (1989).

**5.** *Williamson,* 473 U.S. at 196–97, 105 S.Ct. at 3122.

**6.** *Nollan v. California Coastal Comm'n,* 483 U.S. 825, 834, 107 S.Ct. 3141, 3147, 97 L.Ed.2d 677 (1987).

compensation has been afforded until state remedies have been utilized. Until that time, the federal court cannot determine whether a taking has occurred, whether compensation is due, or, if it has been afforded, whether it is just. These prerequisites are not technically an exhaustion requirement, but "a product of the ripeness doctrine."[7]

By holding that the taking theory subsumes all other theories in zoning cases, the trial court in the instant case would impose these stringent ripeness requirements on all zoning cases.

Some circuits do impose a less stringent ripeness requirement on non-taking zoning cases. For example, the Eleventh Circuit holds that cases such as the one now before us, which it denominates "as applied substantive due process" claims, are "not ripe until the decision denying commercial zoning has been finally made and applied to the property."[8]

Under this approach until at least one meaningful application has been submitted to the local zoning authority, futility is not established and a constitutional challenge to local zoning may not be entertained.[9]

The Ninth Circuit imposes an even more stringent ripeness requirement in non-taking zoning cases and requires that the landowner not only submit one meaningful application, but seek at least one variance if that application is denied, before coming to federal court.[10]

Another panel of this court recently held that the very existence of an allegedly unlawful zoning action, without more, makes a substantive due process claim ripe for federal adjudication.[11] Plaintiff's claim is, therefore, ripe under the law now prevailing in this circuit. We may observe that plaintiff also met the stricter Ninth Circuit criteria in that he did make an application for an alternate use.

## III. SUBSTANTIVE DUE PROCESS

Plaintiff's principal contention is that he was subjected to arbitrary and capricious state action in the denial of his rezoning request and thus deprived of substantive due process of law.

Before we address this argument, some background is required to place the discussion in context. First, let us look at the various kinds of constitutional violations typically asserted in federal zoning cases.

### A. Kinds of Federal Zoning Cases

We find the categories of federal zoning cases devised by the Eleventh Circuit to be quite useful in promoting meaningful analysis in this area.[12] Our adopting them will also promote much-needed uniformity among the federal courts on this subject.

These categories of federal zoning claims are:

1. *Just compensation takings claim.* Plaintiff claims that the zoning applied to his land constitutes a taking of his property without just compensation in contravention of the Fifth Amendment, the remedy sought being the just compensation.

2. *Due process takings claim.* Plaintiff claims that the zoning applied to his property goes too far and destroys the value of his property to such an extent that

---

**7.** *Macene v. MJW, Inc.,* 951 F.2d 700, 704 (6th Cir.1991).

**8.** *Eide v. Sarasota County,* 908 F.2d 716, 726 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991).

**9.** *Id.* at 726 n. 17 (citing *Unity Ventures v. County of Lake,* 841 F.2d 770, 775 (7th Cir.), *cert. denied,* 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988)); *Herrington,* 834 F.2d at 1494–95, *modified,* 857 F.2d at 569.

**10.** *Herrington,* 834 F.2d at 1494–95, *modified,* 857 F.2d at 569. *See also Executive 100, Inc. v.*

*Martin County,* 922 F.2d 1536, 1549–50 (11th Cir.) (Clark, J., dissenting), *cert. denied,* —— U.S. ——, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991).

**11.** *Nasierowski Bros. Inv. Co. v. City of Sterling Heights,* 949 F.2d 890, 894 (6th Cir.1991).

**12.** Extensive discussion of the various nuances of these categories may be found in *Eide v. Sarasota County,* 908 F.2d 716, 720–22 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991); *see also Executive 100, Inc. v. Martin County,* 922 F.2d 1536, 1540 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991).

it amounts to a taking by eminent domain without due process of law. The remedy sought is invalidation of the zoning regulation.

3. *Arbitrary and capricious substantive due process claim.* Plaintiff claims that the zoning regulation is arbitrary and capricious in that it does not bear a substantial relation to the public health, safety, morals, or general welfare. Two further subcategories may be discerned under this heading: (a) facial and (b) as applied.

4. *Equal protection.* Either based on suspect class, invoking strict scrutiny, or mere economic discrimination.

5. *Procedural due process.* Although not discussed by the Eleventh Circuit, there is, of course, a fifth category where plaintiff claims deprivation of procedural due process.[13]

6. *First Amendment.* A category may also be defined when plaintiff claims that a First Amendment right such as freedom of speech or religion is violated by the zoning ordinance.[14]

The case at bar is an "as applied substantive due process" claim. Both kinds of taking theories have been abandoned by the plaintiff, and his equal protection claim is of the economic variety (no racial or other suspect class overtones), which tends to merge with the substantive due process argument. Plaintiff makes no procedural due process or First Amendment claim.

The trial court held that all arbitrary and capricious substantive due process claims are merged into the taking claims described in the first two categories. As we have said, this view has recently been rejected by this court in another case.[15]

## B. The Many Meanings of Substantive Due Process

◼ Although the term "substantive due process" is used in a variety of contexts in modern constitutional discussion, it is possible to state a general definition:

> "The doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed has come to be known as substantive due process." [16]

◼ Some of the many contexts in which the term "substantive due process" is used are: [17]

1. Application of one of the rights *enumerated* in the federal constitution, such as the First Amendment, to a state.

2. Application of a right *unenumerated* in the federal constitution to a state, such as the right to live together as a family.[18]

---

**13.** *Nasierowski Bros. Inv. Co. v. City of Sterling Heights,* 949 F.2d 890, 893 (6th Cir.1991).

**14.** *See, e.g., Schad v. Borough of Mount Ephraim,* 452 U.S. 61, 65, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981); *Messiah Baptist Church v. County of Jefferson,* 859 F.2d 820, 822 (10th Cir.1988), *cert. denied,* 490 U.S. 1005, 109 S.Ct. 1638, 104 L.Ed.2d 154 (1989); *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. City of Lakewood,* 699 F.2d 303, 305 (6th Cir.), *cert. denied,* 464 U.S. 815, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983). This category also was not specifically addressed by the Eleventh Circuit in *Eide,* 908 F.2d at 720–22.

**15.** *Nasierowski,* 949 F.2d at 893. Of course, the trial court did not have the benefit of this decision.

**16.** Comment, *Developments in the Law—The Constitution and the Family,* 93 Harv.L.Rev. 1156, 1166 (1980). *See Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990) (quoting *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 664, 88 L.Ed.2d 662

(1986)); *Stratford v. State–House, Inc.,* 542 F.Supp. 1008, 1014 (E.D.Ky.1982), *aff'd,* 722 F.2d 742 (6th Cir.1983). This court has previously defined a violation of substantive due process as "an 'egregious abuse of governmental power.'" *Cale v. Johnson,* 861 F.2d 943, 949 (6th Cir.1988) (citation omitted).

**17.** *See generally* McGuinness, *The Reemergence of Substantive Due Process as a Constitutional Tort: Theory, Proof, and Damages,* 24 New Eng. L.Rev. 1129 (1990). A good summary of the various kinds of substantive due process claims may be found in *DeSisto College, Inc. v. Town of Howey-in-the-Hills,* 706 F.Supp. 1479, 1506 (M.D.Fla.), *aff'd,* 888 F.2d 766 (11th Cir.1989).

**18.** *Moore v. City of East Cleveland,* 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977). At one time substantive due process was widely employed to invalidate state economic regulations. In the New Deal era, the doctrine fell into disrepute but has enjoyed a limited resurgence in cases involving fundamental personal rights. *See generally* Laurence H. Tribe, *American Con-*

3. An action of state or local government which "shocks the conscience" of the federal court, may violate substantive due process.[19] This court has recently expressed the view that " '[a]pplying the "shock the conscience" test in an area other than excessive force ... is problematic.' "[20]

4. The right not to be subject to "arbitrary or capricious" action by a state either by legislative or administrative action is commonly referred to as a "substantive due process right."[21]

In the case at bar, the plaintiff asserts only an "arbitrary and capricious" substantive due process claim. The circuits are in substantial disagreement on the role of the federal courts in reviewing zoning claims of this kind. Although the Supreme Court has held that federal review of local zoning on arbitrary and capricious substantive due process grounds is valid in appropriate cases,[22] it has never laid down definitive standards of review.

The Court has explicitly observed, however, that citizens have a substantive due process right not to be subjected to arbitrary or irrational zoning decisions.[23]

## C. Views of the Various Circuits

The lack of uniformity among the circuits in dealing with zoning cases of the "arbitrary and capricious substantive due process" category is remarkable.

The First Circuit, it seems, shows a great reluctance to interject the federal courts into local zoning matters, holding that substantive due process is not violated by local zoning even when accompanied by claims of purposeful malicious obstruction of a landowner's rights.[24] It considers a zoning ordinance as a legislative act that need only bear a *"conceivable* rational relationship" to "legitimate governmental ends."[25] It precludes the trial court from inquiring into actual as opposed to the declared motives of the local legislative body in passing the ordinance.[26]

The Second Circuit, while proclaiming that "purely local zoning disputes are generally matters which are best left to municipal and state agencies to resolve,"[27] at one

---

*stitutional Law* §§ 8–1 to –7 (2d ed. 1988). *See also Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (striking down law prohibiting use of contraceptives as violative of the right to privacy); *Aptheker v. Secretary of State*, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964) (holding that right to travel is protected by due process); *National Ass'n for the Advancement of Colored People v. Alabama ex rel. Flowers*, 377 U.S. 288, 307, 84 S.Ct. 1302, 1314, 12 L.Ed.2d 325 (1964) ("This Court has repeatedly held that a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms."). *See generally* Bertelsman, *The Ninth Amendment and Due Process of Law—Toward a Viable Theory of Unenumerated Rights*, 37 U.Cin.L.Rev. 777 (1968).

19. *See, e.g., Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 201 (6th Cir.1987); *Nishiyama v. Dickson County*, 814 F.2d 277, 280–81 (6th Cir.1987).

20. *Cassady v. Tackett*, 938 F.2d 693, 698 (6th Cir.1991) (quoting *Braley v. City of Pontiac*, 906 F.2d 220, 226 (6th Cir.1990)).

21. *E.g., Curto v. City of Harper Woods*, 954 F.2d 1237, 1243 (6th Cir.1992); *Lakewood*, 699 F.2d at 308; *Stratford*, 542 F.Supp. at 1014.

22. *Nectow v. City of Cambridge*, 277 U.S. 183, 187, 48 S.Ct. 447, 448, 72 L.Ed. 842 (1928); *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 373, 47 S.Ct. 114, 115, 71 L.Ed. 303 (1926); *see also* case cited *infra* note 23.

23. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 263, 97 S.Ct. 555, 562, 50 L.Ed.2d 450 (1977).

24. See *Cloutier v. Town of Epping*, 714 F.2d 1184, 1189 (1st Cir.1983) and cases therein cited. *See especially Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.), *cert. denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982).

25. *Gilbert v. City of Cambridge*, 932 F.2d 51 (1st Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 192, 116 L.Ed.2d 153 (1991); *Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield*, 907 F.2d 239, 244 (1st Cir.1990) (extensive discussion citing many authorities).

26. *Smithfield Concerned Citizens*, 907 F.2d at 246 (alleged improper motives were of an economic nature only).

27. *Brady v. Town of Colchester*, 863 F.2d 205, 207 (2d Cir.1988).

time would grant relief in extreme cases, as where an applicant has a clear property right to a certificate of occupancy but the defendants refuse to issue it for political motives.[28] Its most recent case, however, denies review of a zoning decision, where the zoning authority was vested with any discretion, on the ground that the applicant lacked a protected property right.[29] The bottom line of this approach is even more hostile to federal zoning plaintiffs than the First Circuit approach.

The Third Circuit will grant relief on the basis of substantive due process where the zoning decision is irrational in the strict sense,[30] or prompted by invidious political or discriminatory motives.[31]

The Fourth Circuit agrees with the Third; the leading cases involve political or religious discrimination.[32]

The Fifth Circuit, on the other hand, views with strong disfavor the idea of federal courts being drawn into local zoning disputes, and classifies all zoning actions, even those pertaining to an individual piece of property, as legislative. This means that such actions can be set aside only under criteria that would justify invalidat-

ing a statute. Also, factual issues are reviewed under the criteria for legislative facts.[33]

Contrary to the Fifth and First Circuits, our own Sixth Circuit has recently classified even zoning enactments of a general nature as administrative/adjudicatory, where zoning changes to individual parcels of land, not reflected in the initial publication of the ordinance, occur. This criterion applies even where the ordinance involves adoption of map changes covering extensive geographic areas. This means that affected owners of individual parcels may be entitled to personal notice and a due process hearing, including an impartial decisionmaker and particularized findings of fact.[34] Presumably, where the zoning of an individual parcel is at stake, the federal scope of review would be of an administrative decision rather than a legislative one. *Nasierowski* is a procedural due process case, however. An earlier decision of this circuit used traditional substantive due process "arbitrary and capricious" language and indicated that scrutiny would be of the legislative variety.[35] A recent case of this court addressing substantive due process review holds that local zoning may

**28.** *Sullivan v. Town of Salem,* 805 F.2d 81, 85 (2d Cir.1986).

**29.** *RRI Realty Corp. v. Incorporated Village of Southampton,* 870 F.2d 911, 918–19 (2d Cir.), *cert. denied,* 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191 (1989). The Second Circuit, in the wake of *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), has adopted a strict approach in defining constitutionally-protected property interests. *See Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54 (2d Cir.1985). "*Yale Auto Parts* and its progeny have committed this Circuit to the 'entitlement' inquiry in land use regulation cases." *RRI Realty,* 870 F.2d at 918. The Second Circuit advocated focusing on the degree of official discretion in defining protected property interests in order to avoid becoming a zoning board of appeal. *Id.* This circuit has implicitly recognized that mere ownership of property subjected to zoning is a property interest sufficient to invoke due process. See Sixth Circuit cases cited *infra* notes 34–36.

**30.** See discussion below at Part IV. B.

**31.** *Midnight Sessions, Ltd. v. City of Philadelphia,* 945 F.2d 667, 683 (3d Cir.1991); *Bello v. Walker,* 840 F.2d 1124, 1129 (3d Cir.), *cert. de-*

*nied,* 488 U.S. 851, 109 S.Ct. 134, 102 L.Ed.2d 107 *and cert. denied,* 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988); *Pace Resources, Inc. v. Shrewsbury Township,* 808 F.2d 1023, 1035–36 (3d Cir.), *cert. denied,* 482 U.S. 906, 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987).

**32.** *Marks v. City of Chesapeake,* 883 F.2d 308, 311 (4th Cir.1989); *Scott v. Greenville County,* 716 F.2d 1409, 1419 (4th Cir.1983).

**33.** *Shelton v. City of College Station,* 780 F.2d 475, 479 (5th Cir.) (en banc), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566, *and cert. denied,* 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 41 (1986). *See also Calhoun v. St. Bernard Parish,* 937 F.2d 172, 174 (5th Cir.1991) (legislative immunity), *cert. denied,* —— U.S. ——, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992); *Horizon Concepts, Inc. v. City of Balch Springs,* 789 F.2d 1165, 1167 (5th Cir.1986).

**34.** *Nasierowski Bros. Inv. Co. v. City of Sterling Heights,* 949 F.2d 890, 896 (6th Cir.1991).

**35.** *Lakewood, Ohio Congregation of Jevovah's Witnesses, Inc. v. City of Lakewood,* 699 F.2d 303, 308 (6th Cir.), *cert. denied,* 464 U.S. 815, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983).

be set aside by a federal court only if it "shocks the conscience." [36]

The Seventh Circuit, similar to the First and Fifth Circuits, strongly disapproves of federal courts' reviewing local zoning matters. It holds, contrary to the Sixth Circuit, that any action by the local legislative body on a zoning matter—even one concerning only a site plan for a single piece of property—is legislative. This means that the action could be set aside only if "invidious or irrational." [37] For the Seventh Circuit, the presence of protectionist or parochial motives does not render the decision irrational, so long as there is some relation to land use. Since the local legislative body is acting legislatively, it need not make findings of fact, even in rejecting an individual site plan, and review of factual determinations by the federal court is extremely deferential as with any legislative finding. The Seventh Circuit also requires the developer to demonstrate the inadequacy of state remedies before pursuing procedural and substantive due process claims.[38]

The Eighth Circuit judges are in disagreement among themselves as to the correct approach to federal review of local zoning, and a concurring opinion in an *en banc* case opines that the succinct majority opinion overruled the leading Eighth Circuit case by stating: "whether a substantive due process claim may arise from a denial of a zoning permit is an open question in this circuit." [39]

The Ninth Circuit will subject local zoning decisions to substantive due process review, but the scope of review is that for legislation, even as to an individual property owner's claim, and any relationship to a proper zoning goal, such as prevention of traffic congestion, will be sufficient.[40]

The Tenth Circuit imposes a strict property right test similar to the Second Circuit. If that test is met, it will consider whether the zoning was arbitrary and capricious.[41]

The Eleventh Circuit approach is similar to the Ninth.[42] Indeed, the Ninth Circuit relied on an Eleventh Circuit decision.

In reviewing a denial of an application for conversion from rental apartments to condominiums, the District of Columbia Circuit applied a very deferential standard of review under substantive due process. It held that "[o]nly a substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights, qualifies for relief under § 1983." [43]

The Federal Circuit is fortunate in not having to deal with zoning cases.[44]

---

**36.** *G.M. Eng'rs & Assocs. v. West Bloomfield Township,* 922 F.2d 328, 332 (6th Cir.1990).

**37.** *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 467 (7th Cir.1988). *Accord Harding v. County of Door,* 870 F.2d 430, 431 (7th Cir.), *cert. denied,* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989).

**38.** *New Burnham Prairie Homes, Inc. v. Village of Burnham,* 910 F.2d 1474, 1479 (7th Cir.1990).

**39.** *Lemke v. Cass County,* 846 F.2d 469, 470 (8th Cir.1987) (en banc). The concurring opinion disavows the approach taken in *Littlefield v. City of Afton,* 785 F.2d 596, 607 (8th Cir.1986), which would grant substantive due process invalidation of zoning actions that are arbitrary and capricious and have no rational relationship to the general welfare. The concurring opinion prefers the hands-off view of the decision of the First Circuit in *Creative Env'ts,* 680 F.2d at 833. *See also Condor Corp. v. City of St. Paul,* 912 F.2d 215, 220 (8th Cir.1990).

**40.** *Southern Pac. Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 507 (9th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991).

**41.** *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111 (10th Cir.1991). *See RRI Realty Corp. v. Incorporated Village of Southampton,* 870 F.2d 911, 915–18 (2d Cir.), *cert. denied,* 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191 (1989).

**42.** *Eide v. Sarasota County,* 908 F.2d 716 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991). The Ninth Circuit relied on *Eide* in *Southern Pac. Transp.,* 922 F.2d at 507.

**43.** *Silverman v. Barry,* 845 F.2d 1072, 1080 (D.C.Cir.), *cert. denied,* 488 U.S. 956, 109 S.Ct. 394, 102 L.Ed.2d 383 (1988).

**44.** *See* 28 U.S.C. § 1291.

## IV. SUBSTANTIVE DUE PROCESS AND ZONING

### A. Overview

We must now sort out the conflicting decisions summarized above and clarify the law on federal review of zoning now prevailing in this circuit.[45]

On this appeal plaintiff makes only substantive due process and economic equal protection claims. No procedural due process or taking claim is asserted.

While there are undoubtedly theoretical difficulties with the concept of substantive due process,[46] the existence of such a right is too well established to be gainsaid. The Supreme Court in recent years has at least thrice reaffirmed a general right of substantive due process, stating that "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'"[47]

Furthermore, the Court has specifically recognized the right in zoning cases.[48] So has this Circuit.[49]

But, although it is well established that the substantive due process right exists, what scope of review does it afford a federal court asked to review a local zoning action?

As pointed out in the earlier portions of this opinion, the precedents are not harmonious. Some consider all zoning decisions legislative, subject to only the most limited scope of review.[50] Some state a general review for irrationality, without differentiating between legislative or administrative actions.[51] Some classify decisions by the local legislative body as legislative while denominating actions by administrative boards, such as the board of adjustments, as administrative.[52] Even this is not a hard and fast rule.

Recently this circuit has stated that the legislative/administrative distinction is of little utility, holding that "when a relatively small number of persons are affected on individual grounds," the action is considered administrative, at least for procedural due process purposes, even though it was taken by the legislative body as part of

---

**45.** We wish it were within our power to harmonize these decisions, but the conflicts among circuits are too great. Harmony will have to await action by the Supreme Court.

**46.** *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 465 (7th Cir.1988) ("Substantive due process is a tenacious but embattled concept. Text and history, at least ancient history, are against it, though perhaps not decisively.").

**47.** *Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990) (quoting *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986)). *See also Regents of the Univ. of Mich. v. Ewing,* 474 U.S. 214, 223–26, 106 S.Ct. 507, 512–14, 88 L.Ed.2d 523 (1985).

**48.** *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.,* 429 U.S. 252, 263, 97 S.Ct. 555, 562, 50 L.Ed.2d 450 (1977); *Nectow v. City of Cambridge,* 277 U.S. 183, 187, 48 S.Ct. 447, 48–49, 72 L.Ed. 842 (1928); *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 373, 47 S.Ct. 114, 115, 71 L.Ed. 303 (1926).

**49.** *Curto v. City of Harper Woods,* 954 F.2d 1237, 1243 (6th Cir.1992); *G.M. Eng'rs & Assocs. v. West Bloomfield Township,* 922 F.2d 328, 332 (6th Cir.1990); *Lakewood, Ohio Congregation of*

*Jehovah's Witnesses, Inc. v. City of Lakewood,* 699 F.2d 303, 308 (6th Cir.), *cert. denied,* 464 U.S. 815, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983); *Studen v. Beebe,* 588 F.2d 560, 565–66 (6th Cir. 1978).

**50.** *Shelton v. City of College Station,* 780 F.2d 475, 479 (5th Cir.) (en banc), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566, *and cert. denied,* 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 41 (1986). Such was the approach of the trial court here.

**51.** *See, e.g., Harding v. County of Door,* 870 F.2d 430 (7th Cir.), *cert. denied,* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989); *Littlefield v. City of Afton,* 785 F.2d 596 (8th Cir.1986). Our decision in *G.M. Eng'rs* made no distinction, although the decision under review was by an administrative agency.

**52.** *See, e.g., Crymes v. DeKalb County,* 923 F.2d 1482 (11th Cir.1991); *Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield,* 907 F.2d 239 (1st Cir.1990); *County Line Joint Venture v. City of Grand Prairie,* 839 F.2d 1142 (5th Cir.), *cert. denied,* 488 U.S. 890, 109 S.Ct. 223, 102 L.Ed.2d 214 (1988); *Stratford v. State-House, Inc.,* 542 F.Supp. 1008 (E.D.Ky.1982), *aff'd,* 722 F.2d 742 (6th Cir.1983).

a general map change.[53]

It has also been said that the difference is between "prospective, legislative-type rules and ... enforcement."[54] Some courts consider whether the act involves policymaking rather than mere application of existing policies, or whether the facts utilized in making the decisions are specific, rather than general in nature.[55]

It may be safely said that there is " 'no bright line' " between the legislative and administrative functions.[56]

As stated, this circuit recognizes the legislative/administrative distinction. It is a close question whether the zoning decision in the case at bar is legislative or administrative. The action was by the legislative body and made policy rather than enforced it, but the decision concerned a specific piece of property. This is an issue we need not decide, however, since we hold that the decision for which review is sought survives scrutiny under the administrative standard. Therefore, *a fortiori*, it must survive the more deferential review for legislative zoning action.

### B. Substantive Due Process and Review of State Administrative Zoning Action

■ Where a substantive due process attack is made on state *administrative* action, the scope of review by the federal courts is extremely narrow. To prevail, a plaintiff must show that the state administrative agency has been guilty of "arbitrary and capricious action" in the *strict* sense, meaning "that there is no rational basis for the ... [administrative] decision."[57]

■ The use of the term "arbitrary and capricious" in this context causes considerable confusion, because these same terms are also used to describe the scope of review by state courts of state administrative action.[58] Therefore, it must be emphasized that the state court scope of review of a decision of a state administrative agency is far broader than the federal scope of review under substantive due process.

■ In some states, a state court may set aside state administrative action as being "arbitrary and capricious" on the ground, among others, that it is not supported by substantial evidence.[59] No such ground may be used by the federal court in reviewing state administrative action in connection with a federal substantive due process attack, however. In the federal court the standard is a much narrower one.[60] The administrative action will withstand substantive due process attack unless it " 'is not supportable on any rational basis' " or is " 'willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case.' "[61]

---

**53.** *Nasierowski Bros. Inv. Co. v. City of Sterling Heights,* 949 F.2d 890, 896 (6th Cir.1991). *But see Haskell v. Washington Township,* 864 F.2d 1266, 1277–78 (6th Cir.1988) ("zoning is ordinarily a legislative activity" for immunity purposes).

**54.** *Front Royal & Warren County Industrial Park Corp. v. Town of Front Royal,* 865 F.2d 77, 79 (4th Cir.1989); *Haskell,* 864 F.2d at 1278 (quoting *Scott v. Greenville County,* 716 F.2d 1409, 1423 (4th Cir.1983)).

**55.** *Crymes,* 923 F.2d at 1485.

**56.** *Jodeco, Inc. v. Hann,* 674 F.Supp. 488, 495 (D.N.J.1987) (quoting *Kuchka v. Kile,* 634 F.Supp. 502, 508 (M.D.Pa.1985)).

**57.** *Stevens v. Hunt,* 646 F.2d 1168, 1170 (6th Cir.1981).

**58.** *Couf v. DeBlaker,* 652 F.2d 585, 589 (5th Cir. Unit B 1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982); *Stratford v. State–House, Inc.,* 542 F.Supp. 1008, 1015 (E.D.Ky.1982), *aff'd,* 722 F.2d 742 (6th Cir.1983).

**59.** *See, e.g., Green v. Wilmington Sav. Fund Soc'y,* 310 A.2d 638, 640–41 (Del.1973); *Prestonia Area Neighborhood Ass'n v. Abramson,* 797 S.W.2d 708, 710 (Ky.1990); *Ellis v. Minneapolis Comm'n on Civil Rights,* 295 N.W.2d 523, 525 (Minn.1980); *Sawyer v. Cozzolino,* 595 A.2d 242, 245 (R.I.1991).

**60.** *Spence v. Zimmerman,* 873 F.2d 256, 261 (7th Cir.1989); *Pace Resources, Inc. v. Shrewsbury Township,* 808 F.2d 1023, 1034 (3d Cir.), *cert. denied,* 482 U.S. 906, 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987).

**61.** *Greenhill v. Bailey,* 519 F.2d 5, 10 n. 12 (8th Cir.1975) (quoting *First Nat'l Bank v. Smith,* 508 F.2d 1371, 1376 (8th Cir.1974), *cert. denied,* 421 U.S. 930, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975)).

The federal court may make only the most limited review of the *evidence* before the state administrative agency. This review is limited to determining whether the agency has paid attention to the evidence adduced and acted rationally upon it.[62] The state decision may not be set aside as arbitrary and capricious if there is "some factual basis" for the administrative action.[63] Plaintiff here would have a jury rehear the evidence. However, we hold that the application of this deferential standard of review is a matter of law for the court. Otherwise, federal juries would sit as local boards of zoning appeals.

In other words, the appropriate scope of substantive due process review for state and local land use actions is the same as that accorded by the Supreme Court for state academic actions. That is, the federal courts should "show great respect" for the local authority's "professional judgment. Plainly, they may not override it unless it is such a substantial departure from accepted ... norms as to demonstrate that the [decisionmaker] ... did not actually exercise professional judgment."[64]

The reasons for adopting this deferential standard in land use cases are the same as in the field of academics. Federalism and comity demand a reluctance by federal courts "to trench on the prerogatives of state and local ... institutions."[65]

When this court stated recently in *G.M. Eng'rs* that local zoning actions would fall to substantive due process attack only if they shocked the conscience, it referred to the deferential review of local administrative zoning actions delineated above.

Although the "shocks the conscience" terminology, as another panel later observed, is more apt for cases involving physical force,[66] it is useful in the zoning context too, to emphasize the degree of arbitrariness required to set aside a zoning decision by a local authority—and to underscore the overriding precept that "arbitrary and capricious" in the federal substantive due process context means something far different than in state administrative law.[67]

By its "shocks the conscience" terminology the *G.M. Eng'rs* court was referring to extreme irrationality—after all we would not expect a planning commission or board of adjustments to be pumping the landowner's stomach.[68] Indeed, the language of *G.M. Eng'rs* must be so interpreted if it is to be harmonious with an earlier zoning opinion of this circuit.[69]

Under the foregoing principles, it is extremely rare for a federal court properly to vitiate the action of a state administrative agency as a violation of substantive due process. The vast majority of such attacks may readily be disposed of on summary judgment, as in the case at bar, thus keeping interference by federal courts with local government to a salutary minimum. Review of state administrative action is primarily a matter for the state courts,

The Sixth Circuit cited *Greenhill* with approval in *Stevens,* 646 F.2d at 1170.

**62.** *Condor Corp. v. City of St. Paul,* 912 F.2d 215, 221 (8th Cir.1990); *Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield,* 907 F.2d 239, 244 (1st Cir.1990); *Buhr v. Buffalo Pub. Sch. Dist. No. 38,* 509 F.2d 1196, 1203 (8th Cir.1974); *Stratford,* 542 F.Supp. at 1016.

**63.** *Evans v. Page,* 516 F.2d 18, 21 (8th Cir.1975); *Stratford,* 542 F.Supp. at 1016.

**64.** *Regents of the Univ. of Mich. v. Ewing,* 474 U.S. 214, 225, 106 S.Ct. 507, 513, 88 L.Ed.2d 523 (1985) (footnote omitted). *See also Newman v. Burgin,* 930 F.2d 955, 962 (1st Cir.1991); *Gutzwiller v. Fenik,* 860 F.2d 1317, 1328 (6th Cir. 1988); *Clements v. County of Nassau,* 835 F.2d 1000, 1004–05 (2d Cir.1987); *Scott v. Village of*

*Kewaskum,* 786 F.2d 338, 341 (7th Cir.1986); *Black v. Barnes,* 776 F.Supp. 1000 (M.D.Pa. 1991); *Stratford,* 542 F.Supp. at 1014–16.

**65.** *Ewing,* 474 U.S. at 226, 106 S.Ct. at 514.

**66.** *Cassady v. Tackett,* 938 F.2d 693, 698 (6th Cir.1991).

**67.** *Condor Corp. v. City of St. Paul,* 912 F.2d 215, 221 (8th Cir.1990).

**68.** *See Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952).

**69.** *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. City of Lakewood,* 699 F.2d 303 (6th Cir.), *cert. denied,* 464 U.S. 815, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983).

which quite properly have a much broader scope of review under state law.[70]

## C. Substantive Due Process And Review of State Legislative Zoning Action

■ Where zoning *legislation* is subjected to substantive due process attack, the scope of review by the federal court is the same as for any other legislation—even more deferential than for state administrative action. This may be discerned from a statement by the Supreme Court of the United States:

> "The power of local governments to zone and control land use is undoubtedly broad and its proper exercise is an essential aspect of achieving a satisfactory quality of life in both urban and rural communities. But the zoning power is not infinite and unchallengeable; it 'must be exercised within constitutional limits.' ... Accordingly, it is subject to judicial review; and as is most often the case, the standard of review is determined by the nature of the right assertedly threatened or violated rather than by the power being exercised or the specific limitation imposed....
>
> "Where *property interests* are adversely affected by zoning, the courts generally have emphasized the breadth of municipal power to control land use and have sustained the regulation *if it is rationally related to legitimate state* concerns and does not deprive the owner

of economically viable use of his property....

> "Beyond that, *as is true of other ordinances*, when a zoning law infringes upon a protected liberty, it must be narrowly drawn and must further a sufficiently substantial government interest." [71]

■ In summary, Fourteenth Amendment substantive due process requires that both state legislative and administrative actions that deprive the citizen of "life, liberty or property" must have some rational basis.[72] Federal court review of the two types of action differs in that in reviewing *administrative* action the federal court must make an extremely limited review of the evidence as described above, but in reviewing *legislative* acts, even that is not permitted, the only permissible inquiry—absent equal protection, First Amendment or other such considerations—being whether the legislative action is rationally related to legitimate state land use concerns.[73]

■ A zoning ordinance that affects only property interests merely has to bear such rational relationship.[74] Whatever the state standard for review of its zoning legislation by its own courts may be, federal court review of a zoning ordinance may only determine whether it is clearly arbitrary and unreasonable, in the very restricted sense that it has " 'no substantial relation to the public health, safety, morals or general welfare.' " [75]

**70.** *See Condor Corp.*, 912 F.2d at 220–21; *Pace Resources, Inc. v. Shrewsbury Township*, 808 F.2d 1023, 1034 (3d Cir.), *cert. denied*, 482 U.S. 906, 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987); *Studen v. Beebe*, 588 F.2d 560, 566 (6th Cir.1978).

**71.** *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 68, 101 S.Ct. 2176, 2182, 68 L.Ed.2d 671 (1981) (emphasis added) (citations omitted). *Accord Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 507 (9th Cir.1990), *cert. denied*, — U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991); *Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield*, 907 F.2d 239, 244 (1st Cir.1990); *Lake Lucerne Civic Ass'n v. Dolphin Stadium Corp.*, 878 F.2d 1360 (11th Cir.1989), *cert. denied*, 493 U.S. 1079, 110 S.Ct. 1132, 107 L.Ed.2d 1038 (1990); *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. City of Lakewood*, 699 F.2d 303, 308–09 (6th Cir.), *cert. denied*, 464 U.S. 815, 104 S.Ct. 72, 78

L.Ed.2d 85 (1983); *Higginbotham v. Barrett*, 473 F.2d 745, 747 (5th Cir.1973).

**72.** *See* Part IV. B. *supra*.

**73.** *Curto v. City of Harper Woods*, 954 F.2d 1237, 1243 (6th Cir.1992).

**74.** *Village of Belle Terre v. Boraas*, 416 U.S. 1, 7–8, 94 S.Ct. 1536, 1540, 39 L.Ed.2d 797 (1974); *see Horizon Concepts, Inc. v. City of Balch Springs*, 789 F.2d 1165, 1167 (5th Cir.1986); *Higginbotham*, 473 F.2d at 747; *City of Ann Arbor v. Northwest Park Constr. Corp.*, 280 F.2d 212, 223 (6th Cir.1960).

**75.** *City of Eastlake v. Forest City Enter., Inc.*, 426 U.S. 668, 676, 96 S.Ct. 2358, 2363, 49 L.Ed.2d 132 (1976) (quoting *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 115,

**1224**

## V. THE CASE AT BAR

 Under these standards, the denial of plaintiff's application for a zoning change for his property withstands substantive due process attack, whether the action here was legislative or administrative.

The city legislative body heard evidence and statements by citizens who were concerned about traffic problems and over-commercialization of the area. It entered written findings, although summary in nature, that the property was better left as it was because of these concerns. Thus, its action and the facts before it were rationally related to zoning. Plaintiff is not a practitioner of palmistry denied a permit on the basis of religious prejudice.[76] Nor has he suffered persecution based on "impermissible political animus." [77] He is a property owner who wanted to sell out to McDonald's.

Plaintiff asserts that the protesting neighbors are guilty of tunnel vision in not welcoming the restaurant to their neighborhood, but concerns about traffic and the deterioration of the neighborhood are rationally related to the goals of zoning. Even parochial motives, if not based on animosity toward a protected class or similar invidious purpose, will not invalidate local zoning.[78]

Therefore, the decision of the trial court must be, and is, hereby AFFIRMED.

---

71 L.Ed. 303 (1926)). *See also Pace Resources,* 808 F.2d at 1034; *Couf v. DeBlaker,* 652 F.2d 585, 590 (5th Cir. Unit B 1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982); *Rogin v. Bensalem Township,* 616 F.2d 680, 689 (3d Cir. 1980), *cert. denied,* 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981); *Studen,* 588 F.2d at 565; *Burns v. City of des Peres,* 534 F.2d 103, 108 (8th Cir.), *cert. denied,* 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976); *Steel Hill Dev., Inc. v. Town of Sanbornton,* 469 F.2d 956, 960 (1st Cir.1972).

**76.** *Marks v. City of Chesapeake,* 883 F.2d 308 (4th Cir.1989).

**77.** *Brady v. Town of Colchester,* 863 F.2d 205, 216 (2d Cir.1988).

**78.** See extensive discussion in *Studen,* 588 F.2d at 565. *Accord Midnight Sessions, Ltd. v. City of Philadelphia,* 945 F.2d 667, 685 (3d Cir.1991); *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 467 (7th Cir.1988); *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. City of Lakewood,* 699 F.2d 303, 308 (6th Cir.), *cert. denied,* 464 U.S. 815, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983).