16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Norman SADOWSKI, et al., Plaintiffs,
Jack Webb, Plaintiff-Appellant
v.
VILLAGE OF MANTUA, Defendants-Appellees.
 No. 92-3426.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1994.
 
 Before: KEITH and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Jack Webb appeals the lower court's dismissal of his action for lack of standing. For the reasons stated herein, we REVERSE.
 
 I.
 
 2
 Webb is a builder and developer of property located in the Village of Mantua, Ohio. These properties are commonly referred to as Mantua I and Mantua IV. Although Webb asserts an interest in the two properties as the developer, he does not currently own any of the Mantua property on which he has been hired to work.
 
 
 3
 In an attempt to promote the development of the two properties, various zoning and sewer permits were requested from the Village by Webb and several owners of the properties (collectively "Plaintiffs"). The permits were denied by the Mantua Village Planning Commission. The basis of this denial was that the plans for the subdivision of the properties allegedly did not comply with the Village's subdivision regulations.
 
 
 4
 Despite the denial, Plaintiffs filed their proposed plans with the Portage County Tax Auditor and Tax Map Administrator ("Tax Auditor"). They alleged that the Planning Commission had not properly denied their plans within the thirty-day time limit as required by Ohio law. In addition, they asserted that the Village did not have subdivision regulations in effect at the time that they submitted their plans.
 
 
 5
 In an attempt to counter the plaintiffs' actions, the head of the Planning Commission, Tom Bosley, advised the Tax Auditor not to record the plans on the ground that the plans did not comply with the Village's subdivision regulations. The Tax Auditor heeded Bosley's advice and refused the plaintiffs' request.
 
 
 6
 In April 1986, the Village filed an action for declaratory relief against the plaintiffs. The plaintiffs counterclaimed. This action, after being improperly transferred to the district court, was remanded back to the Portage County Court of Common Pleas. Subsequently, in the summer of 1987, the action was voluntarily dismissed by all parties. Following dismissal, the proposed plans were recorded by the Tax Auditor. The present action, brought under 42 U.S.C. Sec. 1983, was then filed against the Village and its officials for the wrongful denial of permits. The plaintiffs also allege that the defendants conspired to prevent them from developing their land.
 
 
 7
 On March 30, 1992, the trial began in the Northern District of Ohio with Judge White presiding. On March 31, the defendants requested that Webb be dismissed from the suit. This request was granted on April 1, 1992. Webb has now filed this timely appeal.
 
 II.
 
 8
 Initially it should be noted that this appeal does not address the broader issue of the merit, or lack thereof, of the underlying claims. We are instead asked only to review the lower court's determination that Jack Webb lacked standing in this action because he does not hold title to any property in the Village of Mantua.
 
 
 9
 Defendants rely upon United States v. Dow, 357 U.S. 17 (1958), wherein the Supreme Court found that the plaintiff's ownership of the property at issue is a prerequisite to maintaining a takings case. Id. at 20. "[I]t is undisputed that '[since] compensation is due at the time of taking, the owner at that time, not the owner at an earlier or later date, receives the payment.' " Id. at 20-21 (quoting Danforth v. United States, 308 U.S. 271, 284 (1939)).
 
 
 10
 The defendants in the instant case insist that the Dow decision mandates affirmance of the lower court's determination that Webb lacked standing. However, Dow is a takings case, and Webb has not alleged a taking. Instead he has framed his claim in equal protection/substantive due process language. Consequently, Dow is inapplicable.
 
 
 11
 Our decision not to construe this action as a takings claim, despite the availability of the facts to such a reconstruction, is supported by our opinion in Pearson v. City of Grand Blanc, 961 F.2d 1211 (6th Cir.1992). In Pearson, we expressly declined to routinely construe all zoning disputes as takings cases. Id. at 1214. "After exhaustive research, we find that this proposition [that all federal zoning cases should be treated as takings]--while it has the undoubted salutary advantage of minimizing the involvement of federal courts in local zoning--cannot be reconciled with current controlling precedent." Id. In light of our holding in Pearson, the mere fact that Webb's allegations could possibly be construed as a takings claim does not justify such a reconstruction. We resist the tacit efforts of the lower court and the defendants to transform the nature of this action.
 
 
 12
 As the heightened standard of Dow does not apply, Webb was only required to show that he suffered an injury in fact, which was caused by the defendants' actions, and which will be remedied by a decision in his favor. Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). Webb has made such a showing. Accordingly, we find that the challenge to his standing must fail.
 
 III.
 
 13
 For the foregoing reasons, we REVERSE the decision of the lower court with regard to Jack Webb's standing, and REMAND for a determination of the merits of his case.