**Clarence OTWORTH, Plaintiff–Appellant,**

v.

**VILLAGE OF LAKEWOOD CLUB; Randel J. Lemoine; Conrad Swanson; Mary L. Kilmer; Debra K. France, individuals, Defendants–Appellees.**

No. 02–2049.

United States Court of Appeals, Sixth Circuit.

March 11, 2003.

Before NELSON, COLE, and GILMAN, Circuit Judges.

*ORDER*

Clarence Otworth, a Florida resident, appeals pro se the final judgment for defendants in a civil rights action he filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $500,000 in damages, as well as injunctive and declaratory relief, Otworth filed a complaint against the Village of Lakewood Club, Michigan, its clerk, and three members of its site plan review board. The first claim in the complaint sought to enjoin enforcement of the village's zoning ordinance and have it declared unconstitutional. The second claim alleged that the defendants had conspired to deny Otworth's site plan, amounting to a deprivation of his property without due process. Defendants moved to dismiss. The magistrate judge recommended that the motion be granted as to the individual defendants on the basis of qualified immunity. Otworth filed objections, arguing that the individual defendants were not entitled to qualified immunity because they should have known that their denial of his site plan would violate his clearly established rights. The district court overruled these objections and dismissed the complaint as to the individual defendants.

The parties consented to the magistrate judge conducting the remaining proceedings. The village filed a motion for summary judgment, arguing that its zoning ordinance survived rational basis review.

Otworth filed a cross-motion for summary judgment, arguing that the village had not been properly incorporated in 1967 and therefore lacked jurisdiction to enact the zoning ordinance being challenged. The magistrate judge granted defendant's motion and denied Otworth's motion. Construing Otworth's motion as one to amend his complaint, the magistrate judge declined to exercise supplemental jurisdiction over the state law claim challenging the incorporation of the village.

On appeal, Otworth continues to argue that Lakewood Club was not properly incorporated in 1967. Therefore, he argues that it lacks jurisdiction to enforce its zoning ordinance. Furthermore, he argues that the alleged lack of proper incorporation of the village implies that the individual defendants were not entitled to qualified immunity because they are not government officials.

Upon consideration, we conclude that the dismissal of this complaint as to the individual defendants must be affirmed for the reason stated by the district court. Qualified immunity protects government officials from suit unless their actions violate clearly established statutory or constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Otworth has abandoned on appeal his claim that the individuals' conduct in this case violated any clearly established statutory or constitutional rights. Therefore, that argument need not be addressed. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). Instead, Otworth is now arguing that the individual defendants were not government officials because the village was not properly incorporated. The issue was not raised in Otworth's objections to the magistrate judge's report below, and therefore was waived for purposes of appellate review. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991).

In order to demonstrate that the denial of his site plan was unconstitutional. Otworth was required to show that the denial was an arbitrary and capricious action that lacked any rational basis. *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir.1992). Otworth only pressed this argument in a conclusory fashion, and failed to show that there was a genuine issue of material fact. The record shows that his site plan was rejected because he failed to submit a photograph showing a home similar to the one he planned to build, or an elevation drawing showing how the home would appear on the lot. Otworth failed to show that this requirement was irrational. Instead, he argues that the ordinance does not apply because the village was never properly incorporated. The district court did not abuse its discretion in declining to permit Otworth to amend his complaint to raise this claim.

For all of the above reasons, the final judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.