**Douglas JONES; Enforcement Security, Inc., Plaintiffs–Appellants,**

v.

**Charles SMITH, individually; Metropolitan Government of Nashville and Davidson County, Defendants–Appellees.**

**No. 02–6061.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2003.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

### ORDER

Douglas Jones and Enforcement Security, Inc. (ESI) appeal the district court order granting summary judgment to the defendants in this civil rights case filed pursuant to 42 U.S.C. § 1983. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Jones and ESI sued Charles Smith, Assistant Chief of the Metropolitan Police Department of Nashville and Davidson County (Police Department), and the Metropolitan Government of Nashville and Davidson County (Metro). Jones, a Metro police officer and sole owner of ESI, alleged that the defendants violated his rights to substantive due process, freedom of association, equal opportunity, property, and contract by issuing an order that forbad Metro police officers from arranging for security employment for other Metro police officers. The defendants moved for summary judgment, and Jones abandoned all of his claims except his substantive due process claim. The district court granted summary judgment to the defendants. The court held that the Police Department's policy was rationally related to its legitimate goals.

On appeal, Jones argues that there are genuine issues of material fact as to whether Metro's policy had a rational basis.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we affirm the district court's order for the reasons stated by the district court. In November 1997, the mayor of Nashville issued an executive order forbidding Metro employees from owning or engaging in any business that arranges or "brokers" secondary employment for other Metro employees who work

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

in the same department, agency, board, or commission. In May 1999, the Police Department issued an order, pursuant to the mayor's order, forbidding Police Department employees from brokering secondary employment for other Police Department employees. The department's order permitted secondary employment, but only if the employee arranged it himself or through the department's Office of Secondary Employment. Jones, through his company ESI, arranged for other police officers to provide security for private functions. Because of the mayor's and the department's orders, ESI went out of business.

The defendants were entitled to a judgment as a matter of law. Substantive due process involves the "right not to be subject to 'arbitrary or capricious' action by a state either by legislative or administrative action...." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir.1992). A policy that does not implicate a fundamental right is reviewed under the rational basis standard. *Thompson v. Ashe*, 250 F.3d 399, 407 (6th Cir.2001). "To survive rational basis review, the policy need only be rationally related to a legitimate governmental purpose." *Id.* The burden is on the party challenging the policy to demonstrate that there is no rational connection between the policy and the governmental purpose. *Kelley v. Johnson*, 425 U.S. 238, 247, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976).

Jones failed to demonstrate the lack of a rational connection between the brokering rule and the legitimate purposes of the defendants. The mayor's executive order recited that the rule was needed to prevent interference with duties, conflict of interest, preferential treatment, the appearance of impropriety, the loss of independence and impartiality, and the loss of public confidence. The Police Department's stated purpose is to preserve the public peace, prevent and detect crime, apprehend criminals, protect personal and property rights, and enforce the laws of Tennessee and Metro ordinances. Courts routinely reject substantive due process challenges to police department regulations. *See, e.g., Kelley*, 425 U.S. at 248, 96 S.Ct. 1440; *Crain v. Bd. of Police Comm'rs of Metro. Police Dept. of St. Louis*, 920 F.2d 1402, 1409 (8th Cir.1990) (en banc). The connection between the defendants' concerns about brokering outside employment and the Police Department's goals of preserving the public peace is not arbitrary or irrational. Accordingly, the district court properly rejected Jones's substantive due process claim.

For the foregoing reasons, this court affirms the district court's order granting summary judgment to the defendants.