**HARTLAND SPORTSMAN'S CLUB, INC., Plaintiff,**

v.

**TOWN OF DELAFIELD, et al., Defendants.**

No. 92–C–665.

United States District Court, E.D. Wisconsin.

July 22, 1993.

Pfannerstill & Camp by Mark M. Camp, Wauwatosa, WI, for plaintiff.

Kasdorf, Lewis & Swietlik by Michael J. Cieslewicz, Milwaukee, WI, for defendants.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Hartland Sportsman's Club, filed its complaint on July 2, 1992. The complaint raised three claims against the defendants, the town of Delafield and the individual members of the board of supervisors of the town.

A trial to the court commenced on June 29, 1993; subsequently, the parties submitted proposed findings of fact and conclusions of law. This opinion constitutes the court's findings of fact and conclusions of law pursuant to Rule 52, Federal Rules of Civil Procedure.

## I. Background

This court has original jurisdiction over this action as it involves a federal question under 42 U.S.C. § 1983 and the due process clause of the Fourteenth Amendment to the United States Constitution. 28 U.S.C. §§ 1331 and 1343(a)(3). The plaintiff, Hartland Sportsman's Club, Inc. [Hartland], is a Wisconsin non-profit corporation. The defendant, town of Delafield, is a political subdivision of the state of Wisconsin. The individual defendants, Robert T. Audley, Barbara A. Hansen, Norman Knas, Peter Kowalkowski and James Ward are and were at all relevant times the duly elected supervisors of the town board of the town of Delafield.

In 1955, members of Hartland received approval from the town board to erect a gun club facility. By 1957, Hartland was in operation. In 1968, Hartland applied to the town of Delafield for a building permit to construct an indoor small bore range. In connection with the application for a building permit, Hartland applied to the town for conditional use status. (Plaintiff's Ex. 3; Defendants' Ex. 103.)

Hartland's contention that it withdrew its application for the conditional use permit prior to consideration of the application by the town board is not adequately supported by the record. On October 14, 1968, the town issued a conditional use permit to Hartland which set hours of operation, limited the number of traps and duck towers permitted at the Hartland facility, limited club membership to 200 persons and provided that the town board retained the authority to review the conditions of the permit "whenever it has reasonable cause to believe that any of the conditions ... are being violated." (Plaintiff's Ex. 4; Defendants' Ex. 104.)

In addition, paragraph 12 of the 1968 conditional use permit reserved for the board the jurisdiction to "alter or change the conditions of [the] permit if reasonable cause for doing so is shown" but only "upon hearing, after due notice is given to the applicant." (Plaintiff's Ex. 4; Defendants' Ex. 104.)

In 1973, without requesting or receiving approval from the town of Delafield, Hartland purchased an additional five acres of land to the east of its premises.

As early as 1977, gunfire noise emanating from Hartland became a concern to Hartland and its surrounding neighbors. At such time, Hartland took steps to alleviate the noise problems, including the construction of a berm. (Defendants' Ex. 187.) Notwithstanding these efforts, complaints about the noise by the neighbors of Hartland and other residents of the town of Delafield surfaced again in 1985. Negotiations and meetings ensued between Hartland and the town of Delafield amicably to rectify the noise problem but were largely unsuccessful. (Defendants' Exs. 141, 159 and 161.) As part of the negotiations and discussions between Hartland and the town of Delafield, a conditional use permit which purported to update the 1968 conditional use permit was proposed by the town board. (Plaintiff's Ex. 19.) Such proposal was never enacted by the town board.

In the late 1980's, Hartland added sporting clays to the club's facility. As a result, the number of users of the facility increased. According to the May 2, 1990, minutes of Hartland, the popularity of sporting clays was so great that Hartland was experiencing "problems trying to handle the influx of new shooters each week to the open shooting programs." (Defendants' Ex. 154)

Following the addition of sporting clays, complaints to the town from neighbors and other town residents concerning gunfire noise increased. In January 1991, 51 residents of the town of Delafield filed a petition with the town which complained about the gunfire noise and asked the town to "initiate a program to effect the immediate elimination of all gunfire noise produced by users of the Hartland Sportsman's Club." (Defendants' Ex. 130.) A copy of the petition was forwarded to Hartland by the town clerk on January 7, 1991. (Defendants' Ex. 144.)

In response to the petition, the town scheduled a town board meeting to hear the complaints of the citizens and to receive the response of Hartland. The town board passed a resolution and notice on May 16, 1991, which scheduled the meeting for June

18, 1991. (Defendants' Exs. 133 and 145.) The resolution and notice provided, in part:

WHEREAS, it has been represented to the Town Board and to the Town Plan Commission of the Town of Delafield, that the conditions of the conditional use permit have been violated by the Gun Club; and WHEREAS, such alleged violations have consisted of among other things, the following:

1. Failure to adhere to the time limitations contained in the conditional use permit; and

2. Failing to obtain written permission form the Town Board for certain special activities; and

WHEREAS, said alleged violations, if true, may constitute a public or private nuisance in the immediate neighborhood of the Gun Club, because of allegedly intolerable noise and other adverse conditions;

 \* \* \* \* \* \*

WHEREAS, the Gun Club at no time sought or obtained from the Town of Delafield an additional conditional use permit covering the additional 5 acres acquired by the Gun Club on January 19, 1973; and WHEREAS, on January 4, 1991 a petition signed by fifty-one (51) residents of the Town of Delafield was filed with the Town Clerk, requesting the Town of Delafield to "initiate a program to effect the immediate elimination of all gun fire noise produced by users of the Hartland Sportsman's Club"; and WHEREAS, the density of the population of the Town has appreciably increased since 1968, and the Town has become more urbanized since that time;

NOW, THEREFORE,

BE IT RESOLVED by the Town Board of the Town of Delafield, that a public hearing shall be held on the 18th of June, 1991, at 7:30 p.m., before the Town Board of the Town of Delafield, at N14 W30782 Golf Road, Delafield, Wisconsin 53018–2117, to consider:

(1) Possible changes of the conditions of the conditional use permit issued by the Town of Delafield on October 14, 1968, to the Hartland Sportsman's Club, Inc. and

(2) Comments of the public generally and of the fifty-one (51) petitioners in particular, relative to the Gun Club. . . .

(Defendants' Exs. 133 and 145.)

The May 16, 1991, resolution and notice was published in the Lake County Reporter—a local newspaper—(Defendants' Ex. 145), and it was also mailed by certified mail to the vice-president of Hartland, Tom Worthington. (Defendants' Ex. 146.) Members of Hartland—Robert Schanen (president), Al Hilgendorf, Roy Bast and Mr. Worthington—attended the June 18, 1991, town board meeting.

The record establishes that each of the Hartland members had an adequate time and opportunity to express his views at the meeting. The June 18, 1991, meeting was cut short because of a power failure and continued to July 11, 1991. Notice of the July 11, 1991, town board meeting was published in the Lake County Reporter. (Defendants' Ex. 147.) Once again, members of Hartland—Mr. Schanen and Mr. Worthington—attended the hearing and had an opportunity to speak and be heard. (Defendants' Ex. 119.)

No action was taken by the town of Delafield in connection with the 1968 conditional use permit immediately after these two meetings. Instead, H. Stanley Riffle, the town attorney, wrote a letter to Mr. Schanen and the attorney for the neighbors, James W. Hammes, which suggested that the parties meet to resolve their differences. In addition, the town board formed a committee comprised of several town board members and several members of the town plan commission. The committee jointly met with Hartland and the neighbors on two occasions: September 11, 1991, at the Hartland facility and on October 15, 1991, at the town hall.

The minutes from the September 11, 1991, committee meeting demonstrate that both the Hartland members and the neighbors had an opportunity to speak and be heard. (Defendants' Ex. 135.) Of particular concern to the representatives of the committee was the open shooting and the increasing number of people allowed access to the facility. (Defendants' Ex. 135, p. 2.)

At the second committee meeting on October 15, 1991, several Hartland members attended along with Hartland's attorney, Mark Camp. Mr. Camp announced that there would be no more negotiations with Hartland because litigation had been commenced by a number of citizens against Hartland in state court.

Following these two meetings, the committee made a verbal report to the town board at which time it informed the town board that there was "reasonable cause to believe that some of the conditions of the conditional use permit dated October 14, 1968 have been violated...." (Defendants' Ex. 111.) The committee also recommended that the town board hold another meeting to discuss the possible violations of the 1968 conditional use permit and potential alterations thereto. (Defendants' Ex. 111.)

An administrative hearing of the town board was held on December 12, 1991. Hartland received due notice of the hearing via certified mail to its president and vice-president (Defendants' Ex. 186) and publication in the Lake County Reporter. (Defendants' Ex. 150.) The notice advised that the purpose of the hearing was to review the conditions and consider alterations or changes of the 1968 conditional use permit. (Defendants' Exs. 149 and 150.) It also informed Hartland that the "hearing may be adjourned from time to time as the nature of the proceedings requires." (Defendants' Exs. 149 and 150.)

The notice did not describe the procedure to be followed at the hearing. For example, it did not notify Hartland of its entitlement to call and examine and cross-examine witnesses and present evidence at the hearing. (Plaintiff's Ex. 40.) However, Hartland did receive a document via telefax which outlined the procedures for the administrative hearing at 3:45 p.m. on December 12, 1991.

At the December 12, 1991, hearing, Mr. Camp, Hartland's attorney, objected to the adequacy of the notice that he received insofar as it failed to inform him of Hartland's right to call witnesses and present evidence. (Defendants' Ex. 120, pp. 28, 29 and 36.) Notwithstanding this alleged deficiency, neither Mr. Camp nor any Hartland member requested a continuance or an adjournment of the hearing as permitted pursuant to the notice. (Defendants' Exs. 120, 149 and 150.) Rather, Mr. Camp made a lengthy opening statement to the town board and answered questions under oath. Also, members of Hartland—Mr. Bast and Mr. Schanen—were put under oath and Mr. Schanen was questioned by members of the town board and by Mr. Camp.

Following the hearing, the town board on March 2, 1992, issued written findings of fact, conclusions and a determination in connection with the 1968 conditional use permit. (Defendants' Ex. 123.) A copy of such findings, conclusions and determination was forwarded to Hartland and its attorney on March 2, 1992. (Defendants' Ex. 179.) The town board found that Hartland had violated numerous provisions of the 1968 conditional use permit. It was the determination of the town board that because of such violations, it should enact changes and alter the conditions of the conditional use permit. (Defendants' Ex. 123, p. 5.) No comments regarding the findings of fact, conclusions and determination were received by the town from Hartland.

After a series of open town board meetings at which the form of the conditional use permit was addressed, (Defendants' Exs. 138, 139 and 140), the town board voted unanimously on May 29, 1992, to enact the modified conditional use permit. (Defendants' Ex. 107.) The modified conditional use permit became effective July 1, 1992. (Defendants' Ex. 106.)

The modified conditional use permit altered the terms of the 1968 conditional use permit in that it reduced the hours of operation of the gun club, expressly prohibited sporting clay traps, required that a club liaison be appointed, required annual renewal of the conditional use permit and periodic reporting requirements by Hartland with respect to activities and membership, and limited guests (non-members) to one guest per member, per day. (Defendants' Ex. 106.)

After July 1, 1992, shooting leagues cancelled commitments for use of the Hartland

facilities, public and member use was reduced and revenues decreased.

## II. Plaintiff's Claims

Each of the three claims articulated in the complaint relate to the enactment and enforcement of the 1992 modified conditional use permit: (a) a claim under 42 U.S.C. § 1983 that Hartland's property rights were violated by the defendants without due process of law in violation of the Fourteenth Amendment (this claim incorporates both a procedural and a substantive due process challenge); (2) a claim under 42 U.S.C. § 1983 that Hartland's property has been taken without just compensation in violation of the Fifth Amendment; and (3) a claim under 42 U.S.C. § 1985 that the defendants conspired to deprive the plaintiff of the equal protection of the law.

Prior to trial, the defendants filed a motion for summary judgment with respect to each of the claims advanced by Hartland. By decision and order of June 18, 1993, the court granted the defendants' motion for summary judgment as to Hartland's Fifth Amendment claim under § 1983 and as to its conspiracy claim under 42 U.S.C. § 1985. However, the court denied the defendants' motion for summary judgment in connection with Hartland's procedural and substantive due process claims under 42 U.S.C. § 1983.

## A. Procedural Due Process

 Hartland argues that it did not receive adequate notice of the procedures to be followed at the town board's December 12, 1991, administrative hearing and thus was not able to prepare adequately for the hearing. In particular, Hartland contends that it did not receive timely notice of its right to call witnesses and present evidence at the hearing. Hartland does not challenge the procedures actually employed at the hearing.

 "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). The requirements of due process vary depending upon the situation. "What due process requires is merely fair treatment under the circumstances." *Karnstein v. Pewaukee School Bd.,* 557 F.Supp. 565, 567 (E.D.Wis. 1983).

 The right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Id.* Notice must be "reasonably calculated to apprise interested parties of the pendency of the action," *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), so that they can adequately prepare. *Memphis Light, Gas, Water Div. v. Craft,* 436 U.S. 1, 14, 98 S.Ct. 1554, 1563, 56 L.Ed.2d 30 (1978). Moreover, "notice must inform the person whose protected interests are threatened of an opportunity to present objections at 'some kind of hearing' preceding the final deprivation of those interests." *Birdsell v. Litchfield Bd. of Fire & Police Commissioners,* 854 F.2d 204, 207 (7th Cir.1988) (citing *Wolff v. McDonnell,* 418 U.S. 539, 577–78, 94 S.Ct. 2963, 2985, 41 L.Ed.2d 935 (1974)).

The town board notified Hartland of the December 12, 1991, hearing by certified mail approximately 30 days before the scheduled hearing and via publication. Both forms of notice specified the nature of the hearing—to review and consider alterations or changes to the 1968 conditional use permit. Also, Hartland had detailed notice as early as May 1991 of the "pendency of the action" contemplated by the town board in connection with the conditional use permit. This is so in view of the exhaustive notice and resolution issued by the town board and served upon Hartland. (Defendants' Exs. 133 and 145)

The adequacy of the defendants' efforts in providing the plaintiff with meaningful notice and an opportunity to be heard is further supported by the fact that the entire process of modifying the 1968 conditional use permit leading up to the December 12, 1991, hearing took approximately seven months (May 1991–December 1991). At the numerous hearings held at the initiation of the defendants, Hartland, through its officers and members, was able to present its position and was represented by counsel. The conduct by the defendants over this seven month period demonstrates that Hartland was fully

aware that it would be provided with an opportunity to present objections at the December 12, 1991 hearing and illustrates that the defendants showed sufficient attention to Hartland's rights and concerns.

Although Hartland did not receive notice of the procedures to be followed at the December 12, 1991, hearing until the day of the scheduled hearing, the record shows that officers and members of Hartland, in fact, testified and were represented by counsel for Hartland, who also spoke. The fact that Hartland failed to request an adjournment or continuance of the December 12, 1991, hearing on the ground that it needed more time to prepare, or on any ground, suggests that the notice provided by the defendants sufficiently apprised Hartland of the nature of the hearing and its right to be heard such that Hartland could adequately prepare.

On the basis of this record, I am not persuaded that the defendants' delay in notifying Hartland of its entitlement to call witnesses and present evidence at the hearing infringed the plaintiff's constitutional rights. Hartland has the burden to establish that the right to procedural due process under the Fourteenth Amendment was violated. *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981) (in any action under 42 U.S.C. § 1983, the plaintiff must establish that it was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States); *New Burnham Prairie Homes v. Village of Burnham*, 910 F.2d 1474, 1479 (7th Cir.1990) (same). The plaintiff has failed to satisfy its burden of proof with respect to its procedural due process claim under § 1983; thus, this claim will be dismissed, with prejudice.

## B. Substantive Due Process

■ Hartland's substantive due process claim challenges the decision by the defendants to issue the modified conditional use permit of 1992 as fundamentally flawed. In order to prevail on a substantive due process claim, Hartland must first show either a separate constitutional violation or the inadequacy of state law remedies. *Polenz v. Parrott*, 883 F.2d 551, 558–59 (7th Cir.1989). In addi-

tion, Hartland is required to allege and prove that the issuance of the conditional use permit is "arbitrary and unreasonable" bearing no substantial relationship to the public health, safety and welfare. *Burrell v. City of Kankakee*, 815 F.2d 1127, 1129 (7th Cir. 1987). The court of appeals for the seventh circuit has held that the use of the terms "arbitrary and unreasonable" in the substantive due process context means "invidious or irrational." *Coniston v. Village of Hoffman Estates*, 844 F.2d 461, 467 (7th Cir.1988).

■ As discussed above, Hartland has not successfully established that the procedural due process component of the Fourteenth Amendment has been violated. No other constitutional violations are at issue in this case. Further, Hartland has failed to allege or prove that its state law remedies are inadequate. Therefore, because Hartland has not demonstrated either a separate constitutional violation or the inadequacy of state law remedies, its substantive due process claim under 42 U.S.C. § 1983 must also fail. *Polenz*, 883 F.2d at 558–59.

■ I have no hesitation on this record to find that Hartland's substantive due process claim is without merit. Hartland argued at trial that the defendants lacked authority under state law to issue the 1968 and 1992 conditional use permits because of Hartland's alleged non-conforming use status. In the absence of any independent state law claim, Hartland must be arguing that the issuance of the 1992 modified conditional use permit necessarily is irrational under substantive due process standards because the defendants' actions were unauthorized.

The court of appeals for the seventh circuit has twice rejected similar arguments stating that such a claim:

presents a garden-variety zoning dispute dressed up in the trappings of constitutional law—a sure sign of masquerading being that the plaintiffs' do not challenge the constitutionality of the zoning ordinances ... *but argue that the Board of Trustees had no authority under those ordinances to reject their site plan once the Village Plan Commission had approved it.* If the plaintiffs can get us to review the merits of

the Board of Trustees' decision under state law, we cannot imagine what zoning dispute could not be shoehorned into federal court in this way, there to displace or postpone consideration of some worthier object of federal judicial solicitude. Something more is necessary than dissatisfaction with the rejection of a site plan to turn a zoning case into a federal case; and it should go without saying that the something more cannot be merely a violation of state (or local) law.

*Coniston,* 844 F.2d at 467 (emphasis added); *see also Harding v. County of Door,* 870 F.2d 430, 431 (7th Cir.), *cert. denied,* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989).

The issuance of the 1992 modified conditional use permit was neither irrational nor arbitrary. The defendants rendered a decision on May 29, 1992, to modify the 1968 conditional use permit based on its interpretation of the existing 1968 conditional use permit. In interpreting the 1968 conditional use permit, the defendants reasonably concluded that several of the specified conditions had been violated by Hartland and that modification of the permit was therefore required.

This conclusion, which involved a one year process, was grounded upon the statements and testimony of Hartland officers and members, neighbors of Hartland, other citizens of the town of Delafield and on the recommendation made by the committee created to investigate the problems between Hartland and the neighbors. Nothing in the record suggests that the issuance of the 1992 modified conditional use permit was based on animosity or hatred toward Hartland or on a basis other than the public's health, safety or welfare.

Accordingly, for all of these reasons, I find that the plaintiff has failed to carry its burden with respect to its substantive due process claim; thus, the plaintiff's substantive due process claim will also be dismissed, with prejudice.

## C. Overbreadth Claim

In its closing argument at trial, the plaintiff challenged the facial validity of the 1992 conditional use permit under the over-breadth doctrine. This was the first time that such a claim had been raised in this action. The complaint, which contains two specific challenges to the enactment and enforcement of the 1992 conditional use permit under 42 U.S.C. § 1983 and one challenge under 42 U.S.C. § 1985 does not include this constitutional claim. The court did not permit the pleadings to be amended during the trial to articulate such a claim. Rule 15(b), Federal Rules of Civil Procedure (court may allow pleadings to be amended to conform to the evidence at trial). Moreover, the defendants did not consent to try this issue at trial. Rule 15(b), Federal Rules of Civil Procedure (pleadings shall be treated as amended where the issues not raised by the pleadings are tried by the express or implied consent of the parties). Indeed, the defendants' steadfastly maintained throughout the trial that the issue before the court was limited to the plaintiff's Fourteenth Amendment procedural and substantive due process claims under 42 U.S.C. § 1983 and did not encompass any facial challenge to the validity of the 1992 conditional use permit under the overbreadth doctrine. Because I do not believe that the plaintiff's undeveloped facial challenge to the 1992 conditional use permit under the overbreadth doctrine is properly (or fully) before the court, I will decline to address that claim.

As an additional matter, the court notes that the only case Hartland cites in support of its facial challenge to the 1992 conditional use permit applies the overbreadth doctrine in the First Amendment, freedom of speech, context. To the extent that Hartland's choice of authority suggests that Hartland's claim is also one arising out of the First Amendment context, such claim is meritless because Hartland has failed to articulate or establish through evidence at trial that any right protected by the First Amendment is implicated in this action.

Therefore, IT IS ORDERED that the plaintiff's action be and hereby is dismissed, with costs and with prejudice.